MARGARET BURNS AND KENNETH H. BURNS, PLAIN-
TIFFS, v. ROSS VILARDO AND ISRAEL FEIGENOFF,
DEFENDANTS.

Decided July 8, 1948.

For the plaintiffs, *Chandless, Weller & Kramer.*

For the defendants, *Morrison, Lloyd & Griggs.*

LEYDEN, C. C. J.   The matters in difference between the
parties are at issue and the case is ripe for trial.   It comes
within the blanket order of reference of Supreme Court issues
for disposition at Circuit.   The defendants, pursuant to rule
40 of the Supreme Court, *N. J. S. A. tit.* 2, now move before
trial for the determination of a reserved point of law, the
favorable determination of which, it is said, will be disposi-
tive of the whole matter, and as a preliminary thereto also
move for the striking of the reply as sham.

The plaintiff Margaret Burns sues for personal injuries
which she says she suffered by reason of alleged malpractice
of the defendants, who are physicians and surgeons, in the

diagnosis and treatment of two injured fingers of her right hand. Her husband, Kenneth H. Burns, seeks damages for the consequential loss he alleges he suffered by reason of the said injury to his wife including the sum expended in the endeavor to cure her of her injuries and for the loss of her society and services. The complaint on its face sets forth causes of action for malpractice. There is no allegation that the negligence of the defendants was an intervening, independent act which resulted in injury not connected with the industrial accident. The answer denies any carelessness, negligence or malpractice in the treatment of Mrs. Burns' injury and as a separate defense sets up that the plaintiff was awarded and accepted compensation pursuant to the New Jersey Workmen's Compensation Act, *N. J. S. A.* 34:15–1 *et seq.*, for any and all injury she received. The answer further raises and reserves the question of law that the plaintiff, by virtue of her acceptance of the compensation so paid, is barred from maintaining the present action against the defendants. The reply denies the payment and receipt of the compensation award. This denial is unsupported and is obviously sham. There was no dispute on this point at the argument. The reply, therefore, will be stricken, thus clearing the way for the determination of the reserved point of law.

The undisputed facts of the matter as gathered from the motion papers and the argument substantially are that on February 8th, 1945, Margaret Burns, while an employee of the Wright Aeronautical Corporation, received an injury to the index and second fingers of her right hand arising out of and in the course of her employment. She was taken immediately to the defendants, the plant physicians, and received medical treatment from them for the injury until April 16th, 1945. Some time later she became dissatisfied with the manner in which the fractured bone in the finger was reduced by the defendants and had the job re-done by a physician and surgeon of her own selection whose bill for such services was paid by the employer as part of the compensation award.

Subsequently application was made by the plaintiff for compensation under the New Jersey Workmen's Compensation Act and approximately six and one-half months after her

injury and on August 24th, 1945, was awarded compensation for temporary disability from February 9th, 1945, to May 20th, 1945, and from May 27th, 1945, to and including August 15th, 1945, for a period of twenty-six weeks at $20 per week. In addition, compensation for permanent disability was awarded as follows: 15% right first finger—six weeks; 75% right second finger—twenty-two and one-half weeks, or twenty-eight and one-half weeks at $20 per week. Payment was made and the awards accepted by the plaintiff.

Assuming, but only for the purposes of the discussion, that the defendants were negligent in the treatment of plaintiff's injured fingers, that negligence simply aggravated the original industrial injury. There was no break in the chain of causation, no *"novus actus interveniens"* which would relieve the employer from making payment for the increased disability, if any, caused by the aggravation. The second injury, the aggravation, if any, came in the immediate sequence of events. The employer was responsible in compensation for the whole injury to the plaintiff as determined at the time of the making of the award on August 24th, 1945. *Flanagan* v. *Charles E. Green & Son,* 121 *N. J. L.* 327; 2 *Atl. Rep.* (*2d*) 180; *affirmed,* 122 *N. J. L.* 424; 5 *Atl. Rep.* (*2d*) 742. As was pointed out by the Court of Errors and Appeals, 122 *N. J. L.* (at *p.* 426) ; 5 *Atl. Rep.* (*2d*) (at *p.* 743), there is no distinction, in so far as compensation is concerned, between disability arising from negligent treatment of the original injury resulting in its aggravation and a wholly independent injury. The ultimate disability is classable as resulting from the first injury in that it came about through treatment of that injury and was directly connected therewith. The original industrial mishap and its assumed aggravation by the defendants should therefore be classified as one and the same compensable injury.

The Workmen's Compensation Act, if its terms are accepted by the employer and employee, imposes liability for compensation on the employer regardless of fault and provides an exclusive remedy to employees for accidental injuries arising out of and in the course of employment. The remedy is in substitution of any right to any other method, form, or

amount of compensation. *R. S.* 34:15–8; *N. J. S. A.* 34:15–8; *Gregutis* v. *Waclark Wire Works,* 86 *N. J. L.* 610; 92 *Atl. Rep.* 354. In accordance therewith, full compensation has been paid by the employer and accepted by the plaintiff for the disability attributable to her original injury. She is entitled to but one satisfaction for that injury.

It is important to note that the original injury was not caused by the act of a third party tort feasor, other than the employer, and for which wrong the employee would have a remedy for the recovery of damages. Here, at best, the injury was aggravated by the alleged negligence of the plant physicians. Since the original, substantive injury was not caused by the defendants, the case does not come within the rule permitting an employee to recover damages from a third party tort feasor. The remedy provided by the Compensation Act is exclusive and any aggravation of the original injury not caused by an independent, intervening act is considered compensable. Therefore the plaintiff's alleged right of action for negligence against the plant physicians is abrogated.

The rights of Kenneth H. Burns for his alleged consequential loss are derivative and depend upon the validity of the claim of his wife. His cause of action falls with that of his wife.

This determination in favor of the defendants is decisive of the whole case. A *postea* may be prepared containing the factual background, the determination of the point of law, and a finding in favor of the defendants and against the plaintiffs of no cause of action.