IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

―――――――――――――――――

KCI RESTAURANT MANAGEMENT LLC, an Arizona limited liability company, derivatively on behalf of SVP RESTAURANT FINANCING, LLC, *Plaintiffs/Appellants/Cross-Appellees*,

*v.*

HOLM WRIGHT HYDE & HAYS PLC; BRAD HOLM and BARBARA HOLM, husband and wife; and CHRISTOPHER S. WELKER and TERESA WELKER, husband and wife, *Defendants/Appellees/Cross-Appellants*.

No. 1 CA-CV 13-0430
FILED 12-16-2014

―――――――――――――――――

Appeal from the Superior Court in Maricopa County
No. CV2012-018417
The Honorable J. Richard Gama, Judge

**AFFIRMED**

―――――――――――――――――

COUNSEL

Sherrets Bruno & Vogt LLC, Omaha, NE
By James D. Sherrets, Jason M. Bruno
*Counsel for Plaintiffs/Appellants/Cross-Appellees*

Jones, Skelton & Hochuli, P.L.C., Phoenix
By Georgia A. Staton, Eileen Dennis GilBride
*Counsel for Defendants/Appellees/Cross-Appellants*

---

**OPINION**

Judge Maurice Portley delivered the Opinion of the Court, in which Presiding Judge Patricia A. Orozco and Judge Randall M. Howe joined.

---

**P O R T L E Y**, Judge:

¶1 We are asked to resolve whether KCI Restaurant Management LLC ("KCI"), an ousted member of SVP Restaurant Financing, LLC ("SVP"), can bring a derivative action on behalf of SVP despite the plain language in Arizona Revised Statutes ("A.R.S.") section 29-831 (2014) that only members of a limited liability company can bring derivative actions. We also address the cross-appeal of Holm Wright Hyde & Hays PLC, and individual members and their spouses (collectively "Holm"), challenging the denial of their request for attorneys' fees. For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶2 SVP operates approximately two hundred Pizza Hut restaurants in five states. SVP had three members—KCI, Jan Kasun, and David Dolgen. SVP, Kasun, and Dolgen sued KCI in 2009 for breach of contract, bad faith, breach of fiduciary duty, tortious interference with a contract, and conversion. *See SVP v. KCI, et al.*, Maricopa County Superior Court No. CV2009-022740 ("underlying case"). The trial court granted SVP's motion for partial summary judgment and entered a final judgment against KCI for converting $425,000 of SVP's funds. Kasun and Dolgen then scheduled a special meeting to expel KCI from SVP. After KCI unsuccessfully sought a temporary restraining order to prevent the special meeting, KCI was expelled as a member from SVP.

¶3 KCI then amended its third-party complaint against SVP, Kasun, and Dolgen in the underlying case to request a judgment declaring that it was still a member in SVP or, alternatively, damages for breach of fiduciary duty. Five months later, and alleging it was a member of SVP, KCI filed this separate derivative action against Holm, SVP's lawyers in the underlying litigation, for professional negligence.

¶4        After filing an answer, Holm moved for judgment on the pleadings arguing that KCI was not a member of SVP and, as a result, did not have standing to bring the derivative action under A.R.S. § 29-831. Holm requested the trial court take judicial notice of the underlying case and preclude KCI from claiming it was a current member of SVP under the doctrine of judicial estoppel. Although KCI responded and submitted affidavits claiming it was still an SVP member, the court granted Holm's motion for judgment on the pleadings and dismissed the case, but denied Holm's request for attorneys' fees.

## DISCUSSION

### I

¶5        KCI first contends the trial court erred by not converting Holm's motion for judgment on the pleadings into a motion for summary judgment after considering the documents appended to the motion and response. We agree.

¶6        Arizona Rule of Civil Procedure ("Rule") 12(c) provides in relevant part that:

> If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

¶7        The court received and indicated that it considered documents Holm attached to its motion as well as KCI's affidavits attached to its response. Because the attachments were outside the pleadings, the court should have treated Holm's motion as one for summary judgment. Ariz. R. Civ. P. 12(c) (quoted in *Am. Fed'n of State, Cnty. & Mun. Emps. v. Lewis,* 165 Ariz. 149, 151, 797 P.2d 6, 8 (App. 1990)). We will review it as such. We review a motion for summary judgment de novo and view all facts in favor of the opposing party. *Mousa v. Saba,* 222 Ariz. 581, 585, ¶ 15, 218 P.3d 1038, 1042 (App. 2009) (citing *Eller Media Co. v. City of Tucson,* 198 Ariz. 127, 130, ¶ 4, 7 P.3d 136, 139 (App. 2000)). "[W]e . . . will affirm only if there is no genuine [dispute] of material fact and the movant is entitled to judgment as a matter of law." *Yollin v. City of Glendale,* 219 Ariz. 24, 27,

¶ 6, 191 P.3d 1040, 1043 (App. 2008) (citing *Lemons v. Showcase Motors, Inc.,* 207 Ariz. 537, 539, ¶ 6, 88 P.3d 1149, 1151 (App. 2004)).

## II

**¶8** KCI also raises two substantive arguments on appeal. First, claiming that it is a member of SVP, KCI argues there is a genuine issue of material fact precluding summary judgment. Second, KCI contends it can prosecute the derivative action because it only needed to be a member of the limited liability company at the time it demanded SVP take action.

## A.

**¶9** We begin our review by looking at the plain language of § 29-831, the statute authorizing a derivative action, and, if the language is clear and unambiguous, we need not resort to other methods of statutory construction. *Wells Fargo Credit Corp. v. Tolliver,* 183 Ariz. 343, 345, 903 P.2d 1101, 1103 (App. 1995). Indeed, "where the language is plain and unambiguous, courts generally must follow the text as written." *Canon Sch. Dist. No. 50 v. W.E.S. Constr. Co.,* 177 Ariz. 526, 529, 869 P.2d 500, 503 (1994).

**¶10** Section 29-831 gives a member the right to bring a derivative action on behalf of the limited liability company if one or more of the statutory conditions are met.[1] The statute mandates that the member must

---

[1] Section 29-831 provides as follows:

> A member may bring an action in the right of the limited liability company to recover a judgment in its favor if all of the following conditions are met:
>
> 1. Either of the following:
>
> (a) Management of the limited liability company is vested in a manager or managers who have the sole authority to cause the limited liability company to sue in its own right.
>
> (b) Management of the limited liability company is reserved to the members and the plaintiff does not have the authority to cause the limited liability

be "a member of the limited liability company at the time the action is brought and was a member of the limited liability company at the time of the transaction of which he complains . . . ." A.R.S. § 29-831(4). The statute's plain language mandates that KCI may prosecute its derivative action only if it was a member of SVP both at the time of the transaction of which it complains and at the time it filed the derivative lawsuit. The only question here is whether KCI was a member of the limited liability company at the time it filed this lawsuit.

**B.**

**¶11**       KCI contends that it was a member at the time of this lawsuit and the trial court improperly applied judicial estoppel to find otherwise. We agree the court should not have considered judicial estoppel because

---

company to sue in its own right under the provisions of an operating agreement.

2. The member has made demand on the manager or those members with such authority requesting that the manager or the members cause the limited liability company to sue in its own right.

3. The members or managers with such authority have wrongfully refused to bring the action or, after adequate time to consider the demand, have failed to respond to the demand.

4. The member is a member of the limited liability company at the time the action is brought and was a member of the limited liability company at the time of the transaction of which he complains or his status as a member of the limited liability company thereafter devolved on him pursuant to the terms of an operating agreement from a person who was a member at such time.

5. The member fairly and adequately represents the interests of the members, except those members that would be defendants in the action, in enforcing the right of the limited liability company.

Holm was not a party in the underlying case. *See State v. Towery*, 186 Ariz. 168, 182, 920 P.2d 290, 304 (1996) (judicial estoppel only applies to prevent a party from taking an inconsistent position in a successive or separate action where: "(1) the parties [are] the same, (2) the question involved [is] the same, and (3) the party asserting the inconsistent position [was] successful in the prior judicial proceeding." (citing *Standage Ventures, Inc. v. State,* 114 Ariz. 480, 562 P.2d 360 (1977))).

¶12        We, however, find that KCI's admission in the underlying case supports the ruling.[2]  An  admission in a pleading can bind a party:

> [T]his is a rule not of evidence but of pleading. When the parties have framed the issues for resolution, they may not change them absent an amendment of the pleadings or trial of the issue by consent.  A party so bound is often said to have made a judicial admission.

*Bank of Am. Nat. Trust & Sav. Ass'n v. Maricopa Cnty.*, 196 Ariz. 173, 176, ¶ 11, 993 P.2d 1137, 1140 (App. 1999) *(quoting Black v. Perkins*, 163 Ariz. 292, 293, 787 P.2d 1088, 1089 (App. 1989)).  If, however, a party seeks to use an opponent's admission in a different proceeding, the admission is only evidentiary, and the admitting party is entitled to attempt to overcome the apparent inconsistency.  *See Fox v. Weissbach*, 76 Ariz. 91, 95, 259 P.2d 258, 260 (1953).

¶13        At Holm's request, the trial court took judicial notice that KCI acknowledged in the underlying case that it had been expelled as a member of SVP.  Although contending in this case that it is one of the three members of SVP and was a member at the time of the transactions, KCI attempted to back away from its earlier, contrary admission in the underlying case by submitting two affidavits attempting to prove that it was an SVP member. *See id.* at 95, 259 P.2d at 261 (the party whose prior pleading is admitted as

---

[2] We can, however, affirm the judgment if the court was "correct in its ruling for any reason."  *Phelps Dodge Corp. v. El Paso Corp.*, 213 Ariz. 400, 404 n.7, ¶ 17, 142 P.3d 708, 712 n.7 (App. 2006) (quoting *City of Tucson v. Morgan*, 13 Ariz. App. 193, 195, 475 P.2d 285, 287 (1970)); *see Dube v. Likins*, 216 Ariz. 406, 417 n.3, ¶ 36, 167 P.3d 93, 104 n.3 (App. 2007) (in examining the trial court's ruling, we noted that we may affirm the trial court if it is correct for any reason supported by the record).

an admission is entitled to present evidence to overcome the apparent inconsistency).

¶14    The affidavits, however, do not challenge KCI's earlier judicial admission that it is not an SVP member nor create a genuine issue of material fact.  The Scott Seldin affidavit identified Seldin as the manager of another limited liability company, which is the sole member of KCI, and declared that Kasun and Dolgen made "improper attempts" to expel KCI. The affidavit also stated that "[t]here is no basis for the expulsion of KCI as a member of SVP" and "KCI has not been paid anything for its membership interest in SVP, KCI has not agreed to withdraw or transfer its membership interest in SVP, and KCI is still a member of SVP."  The Seldin affidavit, however, provides only conclusory statements and does not undermine KCI's acknowledgment in the underlying action that it had been ousted and seeks to set aside its ouster.  *See Florez v. Sargeant,* 185 Ariz. 521, 526, 917 P.2d 250, 255 (1996) ("[A]ffidavits that only set forth ultimate facts or conclusions of law can neither support nor defeat a motion for summary judgment.").  Moreover, calling the expulsion an "attempt to expel" is a legal conclusion that fails to create a genuine dispute of material fact.  *See id; In re Sherer's Estate*, 10 Ariz. App. 31, 455 P.2d 480 (App. 1969) (mere conclusions of ultimate fact and law do not satisfy the rule's requirement that specific facts be set forth which show a genuine dispute of material fact to be decided at the trial); *see also* Ariz. R. Civ. P. 56(e)(1) ("An affidavit used to support or oppose a motion shall . . . set out facts that would be admissible in evidence . . . .").  The Seldin affidavit, as a result, does not undermine KCI's admission in the underlying litigation.

¶15    Likewise, the Sheldon Lerner affidavit does not create a genuine dispute of material fact.  The affidavit, from a Pennsylvania lawyer KCI retained as an expert to review Holm's obligations to its client, notes that "[w]hether the attempt to expel KCI was warranted is an issue of contract interpretation of the Operating Agreement and fact to be determined by a Court or jury as appropriate."  Again, the affidavit does not contradict KCI's acknowledgement in the underlying action that it had been expelled from SVP.  As a result, the affidavits do not create a genuine issue of material fact about KCI's status at the time it filed its derivative lawsuit.  Consequently, because KCI had been removed from SVP before it filed this derivative lawsuit, it could not file the derivative lawsuit as a matter of law.

**C.**

¶16  KCI also argues that we should interpret A.R.S. § 29-831(4) to require membership status only when the demand is made. We disagree.

¶17  Section 29-831(4) provides:

> The member is a member of the limited liability company at the time the action is brought **and** was a member of the limited liability company at the time of the transaction of which he complains or his status as a member of the limited liability company thereafter devolved on him pursuant to the terms of an operating agreement from a person who was a member at such time.

(Emphasis added.)

¶18  Although there is no dispute that KCI was a member of SVP at the time it alleges Holm was negligent, the plain language of § 29-831(4) requires that KCI also needed to be a member at the time the derivative lawsuit was filed. *Id.* There is nothing in the statute that supports KCI's argument that a derivative action can be brought so long as the entity was a member at the time of the transaction or demand. *See City of Phoenix v. Donofrio,* 99 Ariz. 130, 133, 407 P.2d 91, 93 (1965) ("[C]ourts will not read into a statute something which is not within the manifest intention of the legislature as gathered from the statute itself.").[3] And KCI has not articulated a legal basis for ignoring the plain language of the statute. Consequently, because KCI was ousted as a member before it filed its derivative action, it cannot as a matter of law maintain the derivative action on behalf of SVP.

---

[3] KCI also challenges A.R.S. § 29-831's constitutionality. KCI did not raise the issue with the trial court, and we will not address it. *See McDowell Mountain Ranch Land Coalition v. Vizcaino,* 190 Ariz. 1, 5, 945 P.2d 312, 316 (1997) (declining to consider constitutional claims not first made to the trial court); *Cullum v. Cullum,* 215 Ariz. 352, 355 n.5, ¶ 14, 160 P.3d 231, 234 n.5 (App. 2007) (generally, issues raised for the first time on appeal are waived).

**III**

¶**19**         In its cross-appeal, Holm asserts that the trial court erred in refusing to award attorneys' fees under A.R.S. § 29-833(B) (2014) because no reasonable attorney would have brought the derivative action.  Section 29-833(B) provides:

> In an action instituted in the right of any domestic or foreign limited liability company by a member or members, the court having jurisdiction on final judgment and a finding that the action was brought without reasonable cause may require the plaintiff or plaintiffs to pay to the parties named as defendants the reasonable expenses, including attorney fees, incurred by them in the defense of such action.

¶**20**         "Reasonable cause" to bring an action is an objective standard that asks whether any reasonable attorney would have thought the claim was tenable. *Cal X-Tra v. W.V.S.V. Holdings, L.L.C.*, 229 Ariz. 377, 412, ¶ 121, 276 P.3d 11, 46 (App. 2012).  However, even if a trial court finds that a derivative action was brought without reasonable cause, the statute still gives the court discretion to grant or deny a request for attorneys' fees because the statute says "may" and not "shall."  *See, e.g., Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 570, 694 P.2d 1181, 1184 (1985) (explaining that the legislature's use of "may" gives the trial court discretion to award attorneys' fees).  Consequently, we will not overturn the trial court's decision if the record reasonably supports it.  *See West v. Salt River Agric. Improvement & Power Dist.*, 179 Ariz. 619, 626, 880 P.2d 1165, 1172 (App. 1994).

¶**21**         Although the trial court agreed that KCI could not proceed with its derivative claim, which would support Holm's argument that KCI did not have a viable derivative cause of action for professional negligence, the court nevertheless exercised its discretion and denied the fee request.  Because the court reviewed the pleadings and exercised the discretion given by statute, we cannot find as a matter of law that the court abused its discretion by denying the request.  *Cf. Orfaly v. Tucson Symphony Soc'y*, 209 Ariz. 260, 267, ¶ 25, 99 P.3d 1030, 1037 (App. 2004) (court not required to explain factual basis of fee award, which we will affirm if the record reflects a reasonable basis for it).

**IV**

**¶22**     Holm has requested its attorneys' fees incurred on appeal under A.R.S. § 29-833(B).   Having considered the merits on appeal, we exercise our discretion and award Holm a reasonable sum for its attorneys' fees on appeal and for its costs on appeal upon compliance with ARCAP 21.

**CONCLUSION**

**¶23**     Based on the foregoing, we affirm the judgment.



Ruth A. Willingham · Clerk of the Court
FILED: ama