372 P.3d 1010

**Petro GNATKIV, Plaintiff/Appellant,**

v.

**Andriy MACHKUR and Jane Doe Machkur, Defendants/Appellees,**

**Ryder Transportation Systems, Intervenor/Appellee.**

**No. 1 CA–CV 15–0260**

Court of Appeals of Arizona, Division 1.

FILED 5/24/2016

Scott M. Harris PC, Scottsdale, By Scott M. Harris, Counsel for Plaintiff/Appellant.

Elardo Bragg & Rossi PC, Phoenix, By Amanda E. Nelson, John A. Elardo, Rochelle D. Prins, Counsel for Intervenor/Appellee.

Judge Randall M. Howe delivered the opinion of the Court, in which Presiding Judge Kent E. Cattani and Judge Samuel A. Thumma joined.

## OPINION

HOWE, Judge:

¶ 1 Petro Gnatkiv ("Gnatkiv") appeals the trial court's summary judgment in favor of Andriy Machkur ("Machkur") and intervenor Ryder Transportation Systems ("Ryder") for lack of subject matter jurisdiction under the doctrine of res judicata. Gnatkiv argues that the trial court had jurisdiction because the parties and claims in this case are different from his prior New Jersey case and he did not benefit by virtue of receiving workers' compensation benefits there. But under the principle of comity, the trial court could have accorded presumptive validity to Gnatkiv's and Machkur's New Jersey workers' compensation settlement agreements and divested itself of jurisdiction in this case. Consequently, because we may affirm a judgment if the trial court was correct in its ruling for any reason, *KCI Rest. Mgmt. LLC v. Holm Wright Hyde & Hays PLC*, 236 Ariz. 485, 488 ¶ 11 n. 2, 341 P.3d 1156, 1159 n. 2 (App. 2014), we affirm summary judgment in favor of Machkur and Ryder.

## FACTS AND PROCEDURAL HISTORY

¶ 2 Both Gnatkiv and Machkur provided transportation and driving services on behalf of Azstar Logistics, LLC ("Azstar"), a New Jersey corporation. In June 2010, Machkur was driving a semi-truck that went off the road and rolled over near Black Canyon City, Arizona. Gnatkiv was a passenger in the truck and was injured in the accident.

¶ 3 In September 2010, Gnatkiv applied for workers' compensation benefits in New Jersey. In his petition, Gnatkiv alleged that he "sustained an injury by an accident arising out of and in the course of [his] employment with [Azstar], compensable under" New Jersey's workers' compensation laws. Azstar admitted that it employed Gnatkiv on the date of the accident, that the accident "arose out of and in the course of employment," and that the employment was covered by New

Jersey's workers' compensation laws. Gnatkiv and Azstar settled the matter, with Gnatkiv receiving nearly $78,000 in permanent disability payments. After finding that the terms of the settlement were "fair and just," a "judge of compensation" for the New Jersey Division of Workers' Compensation entered an order approving the settlement. Gnatkiv received workers' compensation benefits as a result.

¶ 4 Machkur and Azstar also reached a settlement for Machkur's claim for benefits under the New Jersey workers' compensation laws. In an affidavit supporting the settlement, Machkur stated that he "sustained injuries" due to a "work-related accident that occurred on June 28, 2010." A judge of compensation for the New Jersey Division of Workers' Compensation approved the settlement between Machkur and Azstar.

¶ 5 In June 2012, Gnatkiv filed this tort claim in Arizona against Machkur. Gnatkiv also sued Ryder Logistics & Transportation Solutions Worldwide, dba Ryder Transportation Services, but stipulated to dismiss that entity with prejudice. Because he was unable to locate Machkur, Gnatkiv served Machkur by publication. The trial court permitted Ryder, the insurance carrier for the semi-truck Machkur drove during the accident, to intervene on its own behalf in defense of Machkur.

¶ 6 Ryder then moved for summary judgment, arguing that the trial court lacked subject matter jurisdiction over Gnatkiv's tort claim because, regardless whether Arizona or New Jersey law applied, workers' compensation benefits were Gnatkiv's exclusive remedy. Gnatkiv responded—contrary to the allegations in his New Jersey petition—that he was an independent contractor, which meant that the exclusive remedy provisions of workers' compensation laws did not divest the Arizona trial court of subject matter jurisdiction over his tort claim against Machkur. Gnatkiv relied on an affidavit from the business director for ATL Group, of which Azstar was a subsidiary, stating that Gnatkiv was not an employee of Azstar, but an independent contractor. At the very least, Gnatkiv argued, whether he was an

employee or an independent contractor was a jury question.

¶ 7 The trial court granted Ryder's motion for summary judgment, finding that a "determination was made in New Jersey by the Worker's Compensation entity" that both Gnatkiv and Machkur "were employees of Azstar at the time of the subject accident." The court also found that "both received worker's compensation benefits arising from the accident" and "under both New Jersey and Arizona law, only a person who is an employee is entitled to workers' compensation." Thus, the court concluded that "the prior determination in New Jersey that [Gnatkiv] was an employee of Azstar has res judicata effect, and is dispositive of this matter." Gnatkiv timely appealed.

## DISCUSSION

¶ 8 Gnatkiv argues that the factual dispute about his employment status precludes summary judgment. But the trial court must first resolve "jurisdictional fact issues" where a question of jurisdiction exists and the "jurisdictional fact issues are not intertwined with fact issues raised by a plaintiff's claim on the merits." *See Swichtenberg v. Brimer*, 171 Ariz. 77, 82, 828 P.2d 1218, 1223 (App. 1991). In resolving the jurisdiction issue, the trial court may consider affidavits, depositions, and exhibits. *Bonner v. Minico, Inc.*, 159 Ariz. 246, 253–54, 766 P.2d 598, 605–06 (1988). If materials submitted to a trial court raised genuine issues of material fact concerning subject matter jurisdiction, the trial court may nonetheless determine them. *Swichtenberg*, 171 Ariz. at 82, 828 P.2d at 1223.

¶ 9 Here, the trial court properly resolved the jurisdictional fact issue because the question of Gnatkiv's employment status is distinct from Gnatkiv's tort-based allegations against Machkur. The trial court concluded that it lacked subject matter jurisdiction. Consequently, on appeal, we review de novo the court's ultimate legal conclusion. *Id.*; *see also Mitchell v. Gamble*, 207 Ariz. 364, 367 ¶ 6, 86 P.3d 944, 947 (App. 2004) (reviewing de novo orders dismissing a case for lack of subject matter jurisdiction). We view the evidence in the light most favorable

to upholding the court's ruling and may infer any necessary findings the evidence reasonably supports. *Swichtenberg*, 171 Ariz. at 82, 828 P.2d at 1223. The plaintiff bears the burden of demonstrating the trial court had subject matter jurisdiction, *id.* but here, as explained below, Gnatkiv has not met his burden.

¶ 10 In Arizona and New Jersey, workers' compensation benefits are an employee's exclusive remedy for injuries suffered on the job against a coworker acting in the scope of employment.[1] A.R.S. § 23–1022(A); *Ortiz v. Clinton*, 187 Ariz. 294, 296–97, 928 P.2d 718, 720–21 (App. 1996); N.J. Stat. Ann. § 34:15–8; *McDaniel v. Man Wai Lee*, 419 N.J.Super. 482, 17 A.3d 816, 820 (App. Div. 2011). Acceptance of workers' compensation benefits waives a claim against a coworker for injuries suffered on the job if the coworker acted in the scope of employment. A.R.S. § 23–1024(A); *AAA Cab Serv. v. Indus. Comm'n of Ariz.*, 213 Ariz. 342, 343–44 ¶ 5, 141 P.3d 822, 823–24 (App. 2006); N.J. Stat. Ann. § 34:15–8; *Burns v. Vilardo*, 26 N.J. Misc. 277, 60 A.2d 94, 96 (1948). Consequently, a trial court lacks subject matter jurisdiction over a tort claim by an employee against a coworker acting in the scope of employment. *Smithey v. Hansberger*, 189 Ariz. 103, 106, 938 P.2d 498, 501 (App. 1996). Subject matter jurisdiction can be raised at any stage of the proceedings. *Swichtenberg*, 171 Ariz. at 82, 828 P.2d at 1223.

¶ 11 Gnatkiv argues that the trial court had subject matter jurisdiction because the parties and claims in this case are different from the New Jersey case and he did not benefit by virtue of receiving workers' compensation benefits there. The trial court concluded that it lacked subject matter jurisdiction because the prior determination in New Jersey that Gnatkiv was an employee of Azstar had res judicata effect, divesting it of jurisdiction. But the doctrine of res judicata does not apply. The doctrine requires that the parties be the same, which is not the case here: Gnatkiv and Machkur were not parties to each other's settlements and Ryder was not a party to either settlement. *See Corbett v. ManorCare of Am., Inc.*, 213 Ariz. 618, 624 ¶ 13, 146 P.3d 1027, 1033 (App. 2006) (providing that under res judicata, "a final judgment on the merits bars further claims by [the same] parties or their privies based on the same cause of action"). However, we reach the same conclusion as the trial court that it lacked jurisdiction under the principle of comity.

¶ 12 The principle of comity is that the courts of one state or jurisdiction will give effect to the laws and judicial decisions of another state or jurisdiction, not as a matter of obligation, but out of deference and mutual respect. *Leon v. Numkena*, 142 Ariz. 307, 311, 689 P.2d 566, 570 (App. 1984). As a matter of comity, Arizona trial courts may accord the laws and decisions of another state "presumptive validity, subject to rebuttal." *Fremont Indem. Co. v. Indus. Comm'n of Ariz.*, 144 Ariz. 339, 345, 697 P.2d 1089, 1095 (1985). The scope and applicability of comity rest within the court's discretion. *Id.* In workers' compensation cases, the compensation law is "construed liberally so as to effectuate its remedial purpose," and consequently, "the rule that strangers to a judgment may not be bound thereby must yield in the [workers'] compensation area." *Id.* In *Fremont*, our supreme court accorded "presumptive validity, subject to rebuttal" of a New Jersey determination that the claimant suffered an industrial injury in New Jersey. *Id.*

¶ 13 In the present case, we accord presumptive validity to Gnatkiv's and Machkur's New Jersey workers' compensation benefits orders. Both Gnatkiv and Machkur filed claims with the New Jersey's Division of Workers' Compensation alleging that they were employees in the course of their employment at the time of the accident. New

1. Because Arizona and New Jersey law are the same on the central issue of this case—the exclusive remedy effect of workers' compensation law—we need not perform a choice of law analysis. *See Lucero v. Valdez*, 180 Ariz. 313, 321, 884 P.2d 199, 207 (App. 1994) (McGregor, J., dissenting) (providing that this Court performs a choice of law analysis only when a true difference in the law of the two jurisdictions exists and no true conflict exists unless the laws of the two jurisdictions differ).

Jersey law gives the Division of Workers' Compensation "exclusive jurisdiction of all claims for workers' compensation benefits." N.J. Stat. Ann. § 34:15–49; *Frappier v. E. Logistics, Inc.*, 400 N.J.Super. 410, 947 A.2d 693, 696 (App. Div. 2008). The Division's jurisdiction extends only to claims by an "employee," not an independent contractor. *Frappier*, 947 A.2d at 696.

¶ 14 The Division has authority to approve a settlement between an employee and employer for personal injuries arising in the course of employment. N.J. Stat. Ann. § 34:15–22, –58. The employer can contest the Division's jurisdiction but nevertheless enter into a settlement with the employee while contesting jurisdiction. N.J. Stat. Ann. § 34:15–20. The Division's approval of such a settlement has the effect of dismissing the claim petition. *Id.* In Gnatkiv's and Machkur's cases, the employer did not contest jurisdiction, but instead answered that Gnatkiv and Machkur were employees in the course of their employment. The Division thus entered orders approving their settlements, and their respective settlements were not pursuant to a disputed jurisdiction settlement.

¶ 15 Gnatkiv argues that he mistakenly received workers' compensation benefits in New Jersey, however, because he was an independent contractor. The Division has inherent power to "reopen judgments for fraud, mistake, inadvertence, or other equitable ground." *Beese v. First Nat'l Stores*, 52 N.J. 196, 244 A.2d 689, 691 (1968). If Gnatkiv improperly received benefits to which he is not entitled, "he is liable to repay that sum plus simple interest to the employer or the carrier." N.J. Stat. Ann. § 34:15–57.4(c)(2). Yet Gnatkiv took no action to vacate the Division's order that provided him benefits, took no action to withdraw from the settlement entered into that led to that order and, from the record provided, has taken no action to alter in any way the Division's order.

¶ 16 On this record, no compelling reason exists not to defer to the New Jersey orders approving Gnatkiv's and Machkur's settlements. The record does not show that either settlements was reopened or appealed or that Gnatkiv has repaid the carrier the set-tlement monies he received. Accordingly, the trial court could have accorded presumptive validity to the New Jersey settlement orders. We find that Gnatkiv failed to rebut their presumptive validity. Moreover, by according the workers' compensation settlements of New Jersey presumptive validity, subject to rebuttal, in this case, all competing interests are accommodated: (1) Ryder, the intervenor, a stranger to the prior proceeding, is given the opportunity to challenge the trial court's actions therein, and (2) the broad remedial purpose of compensation law is effectuated. *See supra* at ¶12; *see also Fremont*, 144 Ariz. at 345, 697 P.2d at 1095. Because under the principle of comity, the trial court could have accorded presumptive validity to Gnatkiv's and Machkur's New Jersey workers' compensation settlement agreements and divested itself of jurisdiction, we need not address whether the doctrine of judicial estoppel applies. *See Freeport McMoran Corp. v. Langley Eden Farms, LLC*, 228 Ariz. 474, 478 ¶ 15, 268 P.3d 1131, 1135 (App. 2011) (declining to decide unnecessary issues or issue advisory opinions). We may affirm a judgment if the trial court was correct in its ruling for any reason, *KCI*, 236 Ariz. at 488 ¶ 11 n. 2, 341 P.3d at 1159 n. 2, and accordingly, we affirm summary judgment in favor of Machkur and intervenor Ryder for lack of subject matter jurisdiction.

¶ 17 Ryder requests attorneys' fees incurred on appeal pursuant to A.R.S. § 12–341.01. But because workers' compensation cases do not arise out of contract for purposes of that statute, *Pettinato v. Indus. Comm'n of Ariz.*, 144 Ariz. 501, 503, 698 P.2d 746, 748 (App. 1984), we deny its request.

## CONCLUSION

¶ 18 For the foregoing reasons, we affirm.