NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

ANSHUMAN RAZDAN, *Petitioner/Appellee/Cross-Appellant*,

*v.*

GINA M. RAZDAN, *Respondent/Appellant/Cross-Appellee*.

No. 1 CA-CV 16-0004 FC
FILED 4-6-2017

Appeal from the Superior Court in Maricopa County
No. FC2011-094268
The Honorable Theodore Campagnolo, Judge
The Honorable Bethany G. Hicks, Retired Judge

**AFFIRMED**

COUNSEL

Ober & Pekas, PLLC, Phoenix
By Kevin Koelbel
*Counsel for Petitioner/Appellee/Cross-Appellant*

The Murray Law Offices, Scottsdale
By Stanley D. Murray
*Co-Counsel for Respondent/Appellant/Cross-Appellee*

Jole E. Milburn, PLLC, Mesa
By Jole E. Milburn
*Co-Counsel for Respondent/Appellant/Cross-Appellee*

## MEMORANDUM DECISION

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Patricia K. Norris and Judge Paul J. McMurdie joined.

**J O N E S**, Judge:

**¶1**        Gina Razdan (Wife) appeals the family court's order denying her motion for relief from judgment and her request for an award of attorneys' fees.  Anshuman Razdan (Husband) cross-appeals the court's order granting Wife's petition to enforce the consent decree.  For the following reasons, we affirm.

### FACTS[1] AND PROCEDURAL HISTORY

**¶2**        Husband petitioned for dissolution of his marriage to Wife in September 2011.  Thereafter, Wife petitioned for temporary orders seeking, among other things, the exclusive possession of the marital residence (the 1st Street Home).  At an evidentiary hearing in February 2012, the parties agreed to grant exclusive use of the 1st Street Home to Wife, subject to her paying the mortgage, property taxes, insurance, homeowners' association fees, and other financial obligations continuing to accrue thereon.  The family court entered formal temporary orders consistent with the parties' agreement two months later.

**¶3**        In March 2012 and January 2013, Husband filed petitions for contempt, both alleging Wife had failed to pay the mortgage and related expenses on the 1st Street Home, thereby requiring Husband to cover those expenses in contravention of the parties' stipulation and the family court's temporary orders.  The court denied Husband's request for a hearing to address the petitions and advised that any violation of the temporary orders would be addressed at the dissolution hearing.

**¶4**        In March 2013, the parties submitted an Arizona Rule of Family Law Procedure (ARFLP) 69 agreement (the Agreement) that "vacate[d] any contempt petitions, custody evaluation[s], or any other

---

[1]        We view the facts in the light most favorable to sustaining the family court's ruling.  *Bell-Kilbourn v. Bell-Kilbourn*, 216 Ariz. 521, 522 n.1, ¶ 1 (App. 2007) (citing *Kohler v. Kohler*, 211 Ariz. 106, 107, ¶ 2 (App. 2005)).

items currently in front of the court." Under the Agreement, Husband was awarded the 1st Street Home. The Agreement did not contain any provision requiring Wife to reimburse Husband for the expenses he had incurred because of her failure to maintain the payments on the 1st Street Home. Additionally, the Agreement required Husband to transfer $375,000 of retirement funds to Wife.

¶5         In May 2013, the family court incorporated the terms of the Agreement into a decree of dissolution. Regarding the 1st Street Home, Husband became responsible for the mortgage, insurance, property taxes, and homeowners' association dues "owing on the home effective April 1, 2013." Wife was awarded the parties' second residence (the Hidden View Home) and thereby became responsible for all financial obligations associated with the Hidden View Home as of April 1, 2013. The parties were instructed to execute quitclaim deeds necessary to transfer ownership of the two homes.

¶6         In June 2013, Husband filed a third petition for contempt alleging Wife had failed to maintain her financial obligations connected with the Hidden Valley Home in violation of the decree. Wife also moved to enforce the decree, alleging Husband had failed to transfer the $375,000 in retirement funds to her. In September 2013, the parties jointly moved, pursuant to ARFLP 72, for a family law master to resolve their disputes. The family court appointed a family law master (the Special Master).

¶7         The Special Master submitted a report to the family court that concluded "Husband should be awarded . . . reimbursement for all expenses he paid and incurred on Wife's behalf after entry of the Temporary Orders." Because he also found "any failure to bring Wife's retirement account balances to $375,000.00 . . . [wa]s directly attributable to her own conduct," the Special Master recommended Husband be relieved of his obligation to transfer the funds "if Wife's failure [to cooperate] continues beyond January 31, 2014." In an order signed and entered by the clerk on March 25, 2014, the court adopted the Special Master's recommendations regarding the retirement funds (the Retirement Order), and entered judgment in favor of Husband for $61,297.21 in expenses Husband paid on Wife's behalf after entry of the temporary orders (the Mortgage Reimbursement Judgment).

¶8         Fourteen months later, in May 2015, Wife moved, pursuant to ARFLP 85(C), for relief from the entire March 2014 judgment. Wife argued the Mortgage Reimbursement Judgment was void because it sought to enforce temporary orders that terminated when the decree was entered.

Wife also asserted Husband was obstructing the transfer of the retirement funds, and included this latter assertion in a separate petition to enforce the decree as well. The family court denied Wife's motion for relief as to the Mortgage Reimbursement Judgment but scheduled an evidentiary hearing to decide whether either party was deliberately obstructing the transfer of the retirement funds.

¶9        At the October 2015 evidentiary hearing, Wife argued that, because the family court did not enter judgment on all her claims in her May 2015 motion for relief and did not include ARFLP 78(B) language in the order partially denying that motion, the issues regarding the Mortgage Reimbursement Judgment were preserved for the evidentiary hearing. The court ordered Wife to file a brief "outlining the reasons why the [Mortgage Reimbursement] [J]udgment should be set aside." The court then took the pending petitions under advisement.

¶10        In its under advisement ruling, the family court found the March 2014 judgment was not void because "the basis for the [Mortgage Reimbursement] [J]udgment, even if it was based on temporary orders, was renewed by the parties in attempting to resolve matters post-decree." And because Wife did not file her motion for relief from the March 2014 judgment until May 2015, the court held her motion was untimely. As to the transfer of retirement funds, the court found the Retirement Order required Wife to assist with the funds transfer by January 31, 2014, a date which had already passed when the judgment was entered, and thereby created an impossible deadline for Wife to meet. The court therefore granted Wife's petition to enforce and ordered that Wife had until January 2016 to assist in the transfer of funds. Finally, even though the court found Husband had more financial resources than Wife, the court denied both parties' requests for attorneys' fees.

¶11        Wife timely appealed the family court's denial of her motion for relief and request for attorneys' fees. Husband timely cross-appealed the court's order extending the deadline for Wife to comply with the transfer of retirement funds. This Court has jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1)[2] and -2101(A)(2). *See In re Marriage of Dougall*, 234 Ariz. 2, 5, ¶ 9 (App. 2013) (holding an order denying a motion for relief is appealable as a special order after final judgment) (citations omitted); *Merrill v. Merrill*, 230 Ariz. 369, 371-72, ¶¶ 5-6 (App. 2012) (considering an appeal from a ruling on a petition to enforce

---

[2]        Absent material changes from the relevant date, we cite a statute's current version.

a dissolution decree's allocation of retirement benefits appealable under A.R.S. § 12-2101(A)(2)).

## DISCUSSION

I. **Because the Mortgage Reimbursement Judgment is Not Void for Lack of Jurisdiction, the Court Properly Denied Wife's Rule 85 Motion as Untimely.**

¶12 Wife first argues the family court's Mortgage Reimbursement Judgment is void because the court did not have subject matter jurisdiction to enforce provisions contained in temporary orders that terminated upon entry of the decree. And, if the Mortgage Reimbursement Judgment is void, Wife contends, her motion for relief from that judgment was not untimely and should have been granted. Although we generally review the denial of a motion for relief from judgment for an abuse of discretion, we review the court's subject matter jurisdiction and decisions on claims of void judgments *de novo*. *See Duckstein v. Wolf*, 230 Ariz. 227, 231, ¶ 8 (App. 2012) (citations omitted).

¶13 "[T]he court may relieve a party . . . from a final judgment, order or proceeding [if] . . . the judgment is void." ARFLP 85(C)(1)(d). There is no time limit in which to challenge a void judgment. *See Ruiz v. Lopez*, 225 Ariz. 217, 222, ¶ 17 (App. 2010) (citing *Martin v. Martin*, 182 Ariz. 11, 14 (App. 1994)). A judgment or order is void if the court entering it lacked jurisdiction to render the particular judgment or order entered. *Martin*, 182 Ariz. at 15 (citing *In re Adoption of Hadtrath*, 121 Ariz. 606, 608 (1979)). "The test of jurisdiction is whether or not the tribunal has power to enter upon the inquiry; not whether its conclusion in the course of it is right or wrong." *Ariz. Pub. Serv. Co. v. S. Union Gas Co.*, 76 Ariz. 373, 381 (1954) (quoting *Tube City Mining & Milling Co. v. Otterson*, 16 Ariz. 305, 311 (1914)). In other words, jurisdiction and void judgments relate to a court's authority to perform or hear a certain action. *See Cockerham v. Zikratch*, 127 Ariz. 230, 234 (1980) (citing *Wahl v. Round Valley Bank*, 38 Ariz. 411, 417 (1931); *Tube City*, 16 Ariz. at 311; and then *Milliken v. Meyer*, 311 U.S. 457, 462 (1940)).

¶14 In dissolution proceedings, the family court's jurisdiction derives solely from statute.[3] *See Thomas v. Thomas*, 220 Ariz. 290, 292, ¶ 8

---

[3] The "family court" referenced within this decision is an administrative designation for one department of the Arizona superior court. *See Rinegar v. Rinegar*, 231 Ariz. 85, 88, ¶ 13 (App. 2012) (noting the

(App. 2009) (citations omitted). The court is vested with subject matter jurisdiction over domestic relations matters, A.R.S. § 25-311(A), and "[u]nlike other types of court orders, . . . decrees of dissolution generally remain subject to the court's continuing jurisdiction to modify" provisions for maintenance, support, and property disposition, *In re Marriage of Waldren*, 217 Ariz. 173, 175, ¶ 8 (2007) (citing A.R.S. §§ 25-327 and -319(D)). Moreover, the court exercises continuing jurisdiction to enforce divorce decrees through its equitable powers "to do full and complete justice between the parties." *Jensen v. Beirne*, 241 Ariz. 225, 229, ¶ 14 (App. 2016) (quoting *Genda v. Superior Court*, 103 Ariz. 240, 244 (1968)).

**¶15** Wife is correct that temporary orders terminate when the final divorce decree is entered, *see* A.R.S. § 25-315(F)(4); ARFLP 47(M), and neither the Agreement nor the decree contained any provisions allowing Husband to enforce any portion of the temporary orders. Husband was, however, entitled to initiate contempt proceedings and enforce the provisions for property disposition as set forth within the decree. *See* A.R.S. § 25-317(E); ARFLP 91(A)(1), (J), 92. When Husband initiated those proceedings to obtain reimbursement for post-decree expenses he was forced to incur by virtue of Wife's breach of the consent decree, the parties stipulated to the appointment of the Special Master to resolve their conflicting claims. As a result, the family court, which retained continuing jurisdiction over post-decree matters, accepted the stipulation of the parties and appointed the Special Master, who was thereby empowered to address the parties' issues by virtue of the court's continuing jurisdiction. *See* ARFLP 72(B).

**¶16** The Special Master proposed Husband be reimbursed for housing expenses incurred by him as a result of Wife's nonpayment. Without question, these expenses derived both from those sums originally addressed in the pre-decree temporary orders concerning the 1st Street Home and the Hidden View Home expenses in the decree itself. The Special Master's recommendation and the family court's later adoption of that recommendation into the Mortgage Reimbursement Judgment, which may or may not have improperly drawn upon previously vacated temporary orders, did not divest the court or the Special Master of continuing jurisdiction over the parties' post-decree matters generally. The

---

administrative organization of Arizona's superior court into departments "does not partition the court's general subject matter jurisdiction") (citing *State v. Marks*, 186 Ariz. 139, 142 (App. 1996), and *Marvin Johnson, P.C. v. Myers*, 184 Ariz. 98, 100 (1995)).

Mortgage Reimbursement Judgment was therefore not void, and the court properly denied Wife's motion for relief pursuant to ARFLP 85(C)(1)(d).

¶17 Wife also argues the family court should have granted her motion for relief from the Mortgage Reimbursement Judgment under ARFLP 85(C)(1)(e), which permits relief from judgment where "a prior judgment on which it is based has been reversed or otherwise vacated." A motion under subsection (e) "shall be filed within a reasonable time." ARFLP 85(C)(2). "[W]hat constitutes a 'reasonable time' is dependent in large measure on the underlying facts presented and the absence (or presence) of prejudice" to the other party. *Green Acres Tr. v. London*, 142 Ariz. 12, 16-17 (App. 1983). We review the court's ruling on whether a motion for relief was timely filed for an abuse of discretion. *See Maher v. Urman*, 211 Ariz. 543, 550, ¶ 21 (App. 2005) (citing *Johnson v. Elson*, 192 Ariz. 486, 488, ¶ 9 (App. 1998), and *Copeland v. Ariz. Veterans Mem'l Coliseum*, 176 Ariz. 86, 89 (App. 1993)).

¶18 Here, the Special Master first entered his findings and recommendations in December 2013, and, one month later, the family court notified the parties it was adopting those recommendations. The court then entered a formal, written judgment consistent with the Special Master's recommendations in March 2014. At no point did Wife object to the Special Master's findings; nor did she appeal, either directly or by special action, the resulting orders. It was not until fourteen months later, without explanation or justification for the delay, that Wife filed her ARFLP 85(C) motion. On appeal, she has again failed to provide justification for the delay. An unexplained delay cannot be reasonable. *See Richas v. Superior Court*, 133 Ariz. 512, 515 (1982) ("Since the delay [in filing the motion for relief from judgment] is not explained, there is no basis on which the court could exercise its discretion to find it reasonable.") (citing *Marquez v. Rapid Harvest Co.*, 99 Ariz. 363, 366 (1965)). Under these circumstances, the court did not abuse its discretion in denying Wife's ARFLP 85(C)(1)(e) motion as untimely.[4]

---

[4] Although the family court mistakenly found Wife's motion untimely under ARFLP 83 and 84, we will affirm the court's ruling if it is correct for any reason supported by the record. *See KCI Rest. Mgmt. L.L.C. v. Holm Wright Hyde & Hays P.L.C.*, 236 Ariz. 485, 488 n.2, ¶ 12 (App. 2014) (citing *Phelps Dodge Corp. v. El Paso Corp.*, 213 Ariz. 400, 404 n.7, ¶ 17 (App. 2006), and then *Dube v. Likins*, 216 Ariz. 406, 417 n.3, ¶ 36 (App. 2007)).

II.    **The Family Court Did Not Abuse Its Discretion by Declining to Award Wife Attorneys' Fees.**

¶19    Wife next argues that, because the family court found Husband had greater financial resources, the court abused its discretion by declining to award her attorneys' fees pursuant to A.R.S. § 25-324(A). We review the court's ruling on an attorneys' fees request under A.R.S. § 25-324(A) for an abuse of discretion. *Myrick v. Maloney*, 235 Ariz. 491, 494, ¶ 6 (App. 2014) (citing *Mangan v. Mangan*, 227 Ariz. 346, 352, ¶ 26 (App. 2011)).

¶20    Section 25-324(A) provides:

> The court from time to time, after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings, *may* order a party to pay a reasonable amount to the other party for the costs and expenses of maintaining or defending any [domestic relations] proceeding.

(Emphasis added). Thus, the family court has discretion to award or deny fees so long as it considers both the financial resources and reasonableness of the legal positions of both parties. *See Mangan*, 227 Ariz. at 352-53, ¶ 27 (citing *Gerow v. Covill*, 192 Ariz. 9, 19, ¶ 46 (App. 1998), and A.R.S. § 25-324(A)). However, "as the plain language of [A.R.S.] § 25-324(A) makes clear, a trial court has the discretion to deny a fee request even after considering both statutory factors." *Myrick*, 235 Ariz. at 494, ¶ 9 (citing A.R.S. § 25-324(A), and *Alley v. Stevens*, 209 Ariz. 426, 429, ¶ 12 (App. 2004)). A financial disparity between the parties "does not mandate an award of fees." *Id.*

¶21    Although the family court found Husband had greater financial resources, the court also found both parties took unreasonable legal positions. On this record, we cannot say the court abused its discretion by declining to award either party attorneys' fees.

III.    **The Family Court Did Not Abuse Its Discretion by Declining to Enforce the March 2014 Sanction Against Wife.**

¶22    In his cross-appeal, Husband argues the family court abused its discretion by not enforcing the Retirement Order requiring Wife to assist Husband in transferring retirement funds to her in January 2014. We review a court's ruling on a post-decree petition filed pursuant to ARFLP 91 for an abuse of discretion. *See In re Marriage of Priessman*, 228 Ariz. 336, 338, ¶ 7 (App. 2011) (citing *Van Dyke v. Steinle*, 183 Ariz. 268, 273 (App.

1995)); *Strait v. Strait*, 223 Ariz. 500, 502, ¶ 8 (App. 2010) (citing *Jenkins v. Jenkins*, 215 Ariz. 35, 37, ¶ 8 (App. 2007)).

**¶23**         Here, the family court found the Retirement Order required Wife to assist in the transfer of her retirement funds by January 31, 2014. Because January 31, 2014, occurred approximately two months before the Retirement Order even issued, the court found the deadline was impossible for Wife to meet, notwithstanding any deliberate obstruction on her behalf. We defer to that finding unless it is clearly erroneous. *Danielson v. Evans*, 201 Ariz. 401, 406, ¶ 13 (App. 2001) (citing Ariz. R. Civ. P. 52(a), and *In re Marriage of Yuro*, 192 Ariz. 568, 570, ¶ 3 (App. 1998)).

**¶24**         Husband argues Wife in fact had at least one week of notice that she had to comply with the transfer of retirement funds or she would forfeit her right to receive them. The record does reflect that on January 23, 2014, the family court adopted the recommended deadline in an unsigned minute entry. However, the minute entry was not entered by the clerk of the court until January 31, 2014 — the day of the deadline. And the order did not become final until the signed judgment entered in March 2014. The court's factual finding is supported by the evidence, and we find no abuse of discretion.

## CONCLUSION

**¶25**         The family court's orders are affirmed.

**¶26**         Both parties request their attorneys' fees on appeal pursuant to A.R.S. § 25-324(A). In our discretion, we decline to award fees to either party.



AMY M. WOOD • Clerk of the Court
FILED:  AA