399 P.3d 109

**FIRST–CITIZENS BANK & TRUST COMPANY, d/b/a First Citizens Bank, Plaintiff/Appellant,**

v.

**Nayana MORARI, Renu Shah, and Vaishali Patel, Defendants/Appellees.**

No. 2 CA-CV 2016-0201

Court of Appeals of Arizona, Division 2.

Filed June 15, 2017

May, Potenza, Baran & Gillespie, P.C., Phoenix, By Philip G. May, Devin Sreecharana, and Andrew S. Lishko, Counsel for Plaintiff/Appellant

Clark Hill PLC, Scottsdale, By Sean M. Carroll, Ryan J. Lorenz, and Christopher T. Curran, Counsel for Defendants/Appellees

Judge Miller authored the opinion of the Court, in which Presiding Judge Staring and Judge Espinosa concurred.

## OPINION

MILLER, Judge:

¶ 1 First Citizens Bank appeals the trial court's ruling dismissing its breach of contract action as to the spouses of three guaranty signatories. It argues the court erred by

applying Arizona law to the guaranties rather than California law, which led the court to dismiss the action. It also argues the court abused its discretion by denying its request to amend the complaint. We conclude the court correctly applied Arizona law and amending the complaint would not have changed the result. We affirm.

### Factual and Procedural Background

¶ 2 "On appeal from a motion to dismiss, we consider the facts alleged in the complaint to be true, and we view them in a light most favorable to the plaintiff to determine whether the complaint states a valid claim for relief." *Mintz v. Bell Atl. Sys. Leasing Int'l, Inc.*, 183 Ariz. 550, 552, 905 P.2d 559, 561 (App. 1995). In 2010, Sun Sky Hospitality, LLC, borrowed $3,737,000 from First Citizens' predecessor-in-interest, United Western Bank, to purchase real property in Cochise County, and executed a promissory note, loan agreement, and deed of trust. On January 31, 2012, Dilip Shah, Chandrakant Patel, and Bharat Morari each executed personal guaranties for one hundred percent of all amounts owing from Sun Sky to First Citizens. Sun Sky defaulted on its obligations in November 2012, and First Citizens sued Sun Sky and the personal guarantors for breach of contract. First Citizens also sued the personal guarantors' spouses despite the absence of personal guaranties by them. The guarantors and their spouses are residents of California. First Citizens attached guaranties to the complaint ("the attached guaranties") and incorporated them by reference.

¶ 3 The non-signatory spouses jointly moved to dismiss First Citizens' complaint pursuant to Rule 12(b)(6), Ariz. R. Civ. P.[1] They argued First Citizens had failed to state a claim upon which relief could be granted as to them because they had not signed the attached guaranties as A.R.S. § 25–214(C)(2) requires. In its response, First Citizens argued California law applied instead, and asserted California law requires the signature of only one spouse in order to bind a marital community. First Citizens included in its response three additional guaranties not alleged in or attached to the complaint ("the supplemental guaranties"). The supplemental guaranties contained California choice of law provisions, but like the attached guaranties, were not signed by the spouses.

¶ 4 At the conclusion of the hearing on the motion to dismiss, First Citizens orally requested leave to amend the complaint to include the supplemental guaranties if their absence was a "turning point." The trial court issued an under-advisement ruling dismissing the action with prejudice as to the spouses and denying First Citizens' request to amend the complaint. The court also denied First Citizens' subsequent motion for reconsideration. The court issued a final judgment as to the spouses pursuant to Rule 54(b), Ariz. R. Civ. P., and we have jurisdiction over First Citizens' appeal pursuant to A.R.S. §§ 12–120.21(A)(1) and 12–2101(A)(1).

### Motion to Dismiss

¶ 5 We review de novo the dismissal of a complaint pursuant to Rule 12(b)(6). *Coleman v. City of Mesa*, 230 Ariz. 352, ¶¶ 7–8, 284 P.3d 863, 866–67 (2012). Dismissal for failure to state a claim upon which relief can be granted is appropriate if, as a matter of law, the "plaintiffs would not be entitled to relief under any interpretation of the facts susceptible of proof." *Id.* ¶ 8, *quoting Fid. Sec. Life Ins. Co. v. State Dep't of Ins.*, 191 Ariz. 222, ¶ 4, 954 P.2d 580, 582 (1998). The court should dismiss if the plaintiff has pled facts revealing a legal bar to recovery. *See Moretto v. Samaritan Health Sys.*, 190 Ariz. 343, 346, 947 P.2d 917, 920 (App. 1997). In our analysis we will "look only to the pleading itself," including any exhibits thereto. *Coleman*, 230 Ariz. 352, ¶ 9, 284 P.3d at 867, *quoting Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, ¶ 6, 189 P.3d 344, 346 (2008); *see also* Ariz. R. Civ. P. 10(c) (copy of written instrument as exhibit to pleading is part of

---

1. Other defendants also joined the motion to dismiss, but as relevant to this appeal the motion was granted only as to the non-signatory spouses: Renu Shah, Vaishali Patel, and Nayana Morari. (Pursuant to First Citizens' concession below, the trial court also granted the motion to dismiss as to Ramila Shah, the spouse of another guarantor; First Citizens does not challenge this ruling and thus Ramila Shah is not a party to this appeal.) Hereinafter, any references to "the spouses" will refer only to the non-signatory spouses.

pleading). We will assume the truth of all well-pleaded factual allegations and accept all reasonable inferences from those facts. *Coleman*, 230 Ariz. 352, ¶ 9, 284 P.3d at 867.

 ¶ 6 Here, the question of whether the complaint reveals a legal bar to recovery depends on which state's law applies. *Compare* § 25–214(C)(2) (requiring joinder of both spouses to bind marital community to guaranty or suretyship), *and Rackmaster Sys., Inc. v. Maderia*, 219 Ariz. 60, ¶ 15, 193 P.3d 314, 317 (App. 2008) (both spouses must actually sign guaranty), *with* Cal. Fam. Code § 910(a) (marital community liable for debt incurred by only one spouse during marriage unless otherwise provided by statute), *and Litke O'Farrell, LLC v. Tipton*, 204 Cal. App.4th 1178, 139 Cal.Rptr.3d 548, 550 (2012) (same). Thus, we begin with a choice of law analysis. We review conflict of laws issues de novo as questions of law. *Swanson v. Image Bank, Inc.*, 206 Ariz. 264, ¶ 6, 77 P.3d 439, 441 (2003). Arizona courts apply the Restatement (Second) of Conflict of Laws (1971) ("Restatement") to determine the applicable law in a contract action. *Cardon v. Cotton Lane Holdings, Inc.*, 173 Ariz. 203, 207, 841 P.2d 198, 202 (1992); *cf. Pounders v. Enserch E & C, Inc.*, 232 Ariz. 352, ¶ 9, 306 P.3d 9, 11 (2013) (Restatement applied in determining choice of law for wrongful death claim).

 ¶ 7 Section 194 of the Restatement provides:

> The validity of a contract of suretyship[2] and the rights created thereby are determined, in the absence of an effective choice of law by the parties, by the law governing the principal obligation which the contract of suretyship was intended to secure, unless, with respect to the particular issue,

some other state has a more significant relationship under the principles stated in § 6 to the transaction and the parties, in which event the local law of the other state will be applied.

*See also id.* cmt. b ("In situations where there are several sureties and several contracts of suretyship, the convenience of having all these contracts determined by the law which governs the principal obligation becomes even more apparent.").

 ¶ 8 The attached guaranties contain no choice of law provision alleged to apply.[3] Given the absence of an effective choice of law by the parties in the attached guaranties, the trial court first determined which law governed the principal obligation between Sun Sky and United Western/First Citizens. *See* Restatement § 194. The loan agreement between Sun Sky and United Western provides: "This agreement shall be governed by and construed in accordance with the laws of the state of Arizona and the laws of the United States applicable to transactions within such state." Parties generally have the power to determine the terms of their contractual engagements except as to issues such as capacity, formalities, and validity. *See Swanson*, 206 Ariz. 264, ¶ 12, 77 P.3d at 443, *citing* Restatement § 187 cmt. d. First Citizens does not dispute the enforceability of this choice of law provision as to the principal obligation. And indeed, even without a choice of law clause, the principal obligation would be governed by the law of Arizona, where the subject real property is located, the borrower is domiciled, and the deed of trust was recorded. *See* Restatement § 189 (governing contracts transferring interests in land). The court correctly determined that Arizona law governs the principal obligation.[4]

---

**2.** There is no relevant difference between suretyship and guaranty for purposes of choice of law analysis. *See Phx. Arbor Plaza, Ltd. v. Dauderman*, 163 Ariz. 27, 29, 785 P.2d 1215, 1217 (App. 1989), *citing* Restatement § 194 cmt. a.

**3.** The attached guaranties include a choice of law clause providing that federal law applies in the event that the guaranties and promissory note are held by the United States Department of Agriculture's Rural Business Cooperative Service ("RBS"), but the complaint does not allege that RBS held the guaranties or note at any relevant

time. The guaranties contain no alternative choice of law provision.

**4.** The trial court suggested that by citing Arizona attorney fees statutes in its complaint, First Citizens had "acknowledge[d] that Arizona law applies to the cause of action alleged" therein, including the attached guaranties. As First Citizens recognizes in its reply brief, we reached the opposite conclusion in *Ciena Capital Funding, LLC v. Krieg's, Inc.*, 242 Ariz. 212, 216–17, ¶ 13, 394 P.3d 39, 43–44 (App. 2017). Assuming for the sake of argument that California law applies, California regards the issue of attorney

¶ 9 Because the principal obligation is expressly governed by Arizona law, we apply the law of another state only if it has a more significant relationship to the transaction and parties. *See* Restatement §§ 6, 194. Restatement § 194, comment c, addresses the significant relationship analysis in this situation:

> On occasion, a state which is not the state whose local law governs the principal obligation will nevertheless, with respect to the particular issue, be the state of most significant relationship to the suretyship contract and the parties and hence the state of the applicable law.... A sufficient relationship to justify application of the law governing the principal obligation would, however, exist if the state whose local law governs the obligation was (1) the state where the creditor extended credit to the principal or otherwise relied upon the surety's promise ..., or (2) the state where the contract of suretyship was to be performed, or (3) the state where the negotiations between the surety and creditor were conducted or where the surety delivered the contract to the creditor, or (4) the state of domicile of either the creditor or the surety. Presumably, there are still other relationships which will suffice.

We have previously held that "any one" of these four relationships "would be sufficient to apply the law governing the underlying obligation to the guarant[y]." *Phx. Arbor Plaza, Ltd. v. Dauderman*, 163 Ariz. 27, 29–30, 785 P.2d 1215, 1217–18 (App. 1989).

¶ 10 We agree with the trial court that the first of these relationships is present here. The complaint alleges that creditor United Western extended credit to principal Sun Sky in order to facilitate acquisition of a hotel located in Cochise County, Arizona. The

promissory note attached to the complaint was signed in Sierra Vista, Arizona. And the deed of trust, also attached to the complaint, was recorded in Arizona and lists Arizona mailing addresses for both trustor Sun Sky and trustee Fidelity National Title. This relationship is sufficient to warrant application of Arizona law to the attached guaranties. *See id.* First Citizens does not argue that the principles of Restatement § 6 dictate a contrary result. In sum, the court did not err in applying Arizona law to the attached guaranties pursuant to Restatement § 194. *Cf. New England Merchs. Nat'l Bank v. Rosenfield*, 679 F.2d 467, 471–72 (5th Cir. 1982) (under Restatement § 194, law governing principal obligation would also govern guaranties that had no choice of law clause); *L&L Oil Co. v. Hugh Mac Towing Corp.*, 859 F.Supp. 1002, 1004–05 (E.D. La. 1994) (applying Louisiana law to guaranty by Florida trust where guaranty effected "to facilitate performance of a Louisiana transaction").

¶ 11 Arizona law requires joinder of both spouses in order to bind the community in "[a]ny transaction of guaranty, indemnity or suretyship." § 25–214(C). The complaint does not allege, and its attachments do not reveal, that the spouses ever signed any guaranty. This is a legal bar to recovery against them under Arizona law for breach of a contract of guaranty; therefore, the trial court did not err by granting the motion to dismiss as to the spouses. *See Moretto*, 190 Ariz. at 346, 947 P.2d at 920.

### Motion to Amend Complaint

¶ 12 First Citizens argues in the alternative that the trial court erred by denying its oral request to amend the complaint to include the supplemental guaranties.[5] We

---

fees as procedural for choice-of-law purposes. *See, e.g., ABF Capital Corp. v. Grove Props. Co.*, 126 Cal.App.4th 204, 23 Cal.Rptr.3d 803, 815 (2005). Thus, the law of the forum would govern that issue. *Ciena Capital Funding*, 242 Ariz. at 216–17, ¶ 13, 394 P.3d at 43–44. First Citizens' citation of Arizona attorney fees statutes in the complaint does not undermine or contradict its contention that California law applies. *Id.* Nevertheless, this error is not reversible because the court's conclusion that Arizona law applies was correct for the other reasons discussed herein. *See Gnatkiv v. Machkur*, 239 Ariz. 486, 488, ¶ 1, 372 P.3d 1010, 1012 (App. 2016) (court of ap-

peals may affirm judgment if legally correct for any reason); Ariz. R. Civ. P. 61 (court must disregard error not affecting party's substantial rights).

5. Although denial of a motion to amend a complaint generally is not an appealable order, *see Dollar A Day Rent A Car Sys., Inc. v. Superior Court*, 107 Ariz. 87, 89, 482 P.2d 454, 456 (1971), it is appealable in this case because a final judgment has been entered, *see Walls v. Ariz. Dep't of Pub. Safety*, 170 Ariz. 591, 596–97, 826 P.2d 1217, 1222–23 (App. 1991).

review a court's denial of a request to amend the pleadings for an abuse of discretion. *Carranza v. Madrigal*, 237 Ariz. 512, ¶ 13, 354 P.3d 389, 392 (2015). A court does not abuse its discretion by denying a request to amend if the amendment would be futile.[6] *See Tumacacori Mission Land Dev., Ltd. v. Union Pac. R.R. Co.*, 231 Ariz. 517, ¶ 4, 297 P.3d 923, 925 (App. 2013); *Bishop v. State, Dept. of Corr.*, 172 Ariz. 472, 474–75, 837 P.2d 1207, 1209–10 (App. 1992). Granting the motion to amend would be futile if the supplemental guaranties would not support a cause of action against the spouses.

■ ¶ 13 First Citizens relies on Restatement § 187, which sets forth the circumstances in which "[t]he law of the state chosen *by the parties* to govern their contractual rights and duties" will be applied. Restatement § 187(1) (emphasis added). Such reliance is misplaced. As our precedents indicate, Restatement § 187 does not apply to a spouse that did not execute a guaranty contract and is not party to that contract.

¶ 14 In *Lorenz–Auxier Financial Group, Inc. v. Bidewell*, Leslie Bidewell, an Oregon resident, leased certain electronic equipment from Lorenz–Auxier and signed the lease agreements both in his individual capacity and as president of Infotel Arizona, Inc. 160 Ariz. 218, 219, 772 P.2d 41, 42 (App. 1989). Leslie executed the leases in Arizona. *Id.* Leslie's wife, Sandra, also an Oregon resident, neither signed the leases nor approved them or assumed responsibility for them in any way. *Id.* When the lessees defaulted, Lorenz–Auxier sued both Leslie and Sandra, and the trial court granted summary judgment for Lorenz–Auxier. *Id.* The court reversed summary judgment as to Sandra, applying the law of Oregon, a non-community-property state that "protects a wife's separate earnings and property from subjection to the payment of her husband's separate debts." *Id.* at 221–22, 772 P.2d at 44–45. The

fact that the leases Leslie had signed contained an Arizona choice of law provision did not change the result. *Id.* The court found "this provision d[id] not bind her, as she was not a party to the leases, made no personal choice of law, and could not be bound by the terms, including the choice of law terms, of contracts she did not sign." *Id.* Even if Leslie agreed he would be bound by Arizona law, the court concluded, "he did not thereby bind his wife." *Id.*

¶ 15 Later that year, the court of appeals decided *Phoenix Arbor Plaza, Ltd. v. Dauderman*, which the trial court here referred to as "[t]he controlling case." In *Dauderman*, an Arizona partnership leased space in an Arizona shopping center. 163 Ariz. at 28, 785 P.2d at 1216. California resident Jerry Dauderman executed a personal guaranty of the lessee's performance. *Id.* Following the lessee's default, the lessor's successor-in-interest sued Jerry and his wife, Roberta, also a California resident. *Id.* Roberta moved for summary judgment on grounds she had never signed the guaranty and Arizona law prevented liability as to her and as to the Daudermans' community assets. *Id.*; *see* § 25-214(C). The trial court granted her motion. *Dauderman*, 163 Ariz. at 28, 785 P.2d at 1216. On appeal, the *Dauderman* court first observed that an Arizona choice of law provision in the lease agreement "[was not] binding on Roberta because she did not sign the lease." *Id.* at 29, 785 P.2d at 1217, *citing Lorenz–Auxier*, 160 Ariz. at 221, 772 P.2d at 44. In addressing Roberta's liability, the court concluded Restatement § 194 applied because factors set forth in comment c of that section were present. *Dauderman*, 163 Ariz. at 29–30, 785 P.2d at 1217–18. The court applied *Lorenz–Auxier* to require an Arizona court to refuse enforcement of "a unilateral promise by the husband to bind his wife to a promise which would jeopardize property rights provided by her state of domicile." 163

6. The spouses, invoking the principle that this court will affirm the trial court's ruling if legally correct for any reason, argue the court's ruling denying the request to amend was legally supportable on procedural grounds. They note First Citizens did not proffer a copy of the proposed amended pleading as they contend was required by Rule 15(a)(4), Ariz. R. Civ. P., and further

argue the motion to amend was untimely or unduly delayed. We need not address these assertions because even assuming for the sake of argument that the request to amend was procedurally proper, the court correctly ruled that amendment would have been futile, as explained below.

Ariz. at 30–31, 785 P.2d at 1218–19. Because Arizona law provided Roberta more community property protections than California, the court affirmed summary judgment for Roberta and the marital community. *Id.*

¶ 16 Here, even had the trial court granted First Citizens' request to amend the complaint to include the supplemental guaranties, the complaint still would have been fatally deficient. In one respect, both *Lorenz–Auxier* and *Dauderman* are on point: the spouses could not be bound by guaranty contracts they had not signed, including any choice of law provisions therein. *See Dauderman,* 163 Ariz. at 29, 785 P.2d at 1217; *Lorenz–Auxier,* 160 Ariz. at 221, 772 P.2d at 44. In another respect, *Dauderman* is on point and *Lorenz–Auxier* is distinguishable. Like in *Dauderman,* and unlike in *Lorenz–Auxier,* Arizona law affords the spouses broader property protections than the law of their domicile. *Dauderman,* 163 Ariz. at 30–31, 785 P.2d at 1218–19; *see also Vance–Koepnick v. Koepnick,* 197 Ariz. 162, ¶¶ 5–6, 3 P.3d 1082, 1083 (App. 1999) (purpose of § 25–214(C)(2) is "to protect one spouse against obligations undertaken by the other spouse without the first spouse's knowledge and consent"). Attaching the supplemental guaranties to the complaint would have been futile and would not have overcome First Citizens' legal bar to recovery. Therefore, the court did not abuse its discretion by denying the request to amend. *Tumacacori Mission Land Dev.,* 231 Ariz. 517, ¶ 4, 297 P.3d at 925.

### Attorney Fees

¶ 17 We deny First Citizens' requests for attorney fees and costs under A.R.S. §§ 12–341.01 and 12–342 because it is has not prevailed on appeal. First Citizens also requests attorney fees and costs under a provision of the supplemental guaranties. Even assuming for the sake of argument that such provision could apply to a non-signatory spouse, by its terms it only requires a fee award for "the prevailing party," and we therefore deny the request.

¶ 18 We grant the spouses' requests for attorney fees and costs pursuant to §§ 12–341 and 341.01 upon compliance with Rule 21, Ariz. R. Civ. App. P.

### Disposition

¶ 19 We affirm the trial court's ruling.