NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

LINDA V. LYNAUGH, *Plaintiff/Appellant*,

*v.*

BMO HARRIS BANK NA, et al., *Defendants/Appellees*.

No. 1 CA-CV 18-0013
FILED 1-31-2019

Appeal from the Superior Court in Maricopa County
No.  CV 2016-017960
The Honorable Daniel J. Kiley, Judge

**AFFIRMED**

APPEARANCES

Linda V. Lynaugh, Phoenix
*Plaintiff/Appellant*

Stinson Leonard Street LLP, Phoenix
By Jeffrey J. Goulder, Michael Vincent
*Counsel for Defendants/Appellees*

## MEMORANDUM DECISION

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Jennifer M. Perkins joined.

**B R O W N**, Judge:

¶1　　　Linda Lynaugh appeals the superior court's orders (1) granting summary judgment in favor of BMO Harris Bank, Marshall & Ilsley Bank ("M&I"), Leann Walters, Sean Mahoney, Folks & O'Connor PLLC, Larry Folks, and Carmen Ruff (collectively "Defendants"); (2) awarding Defendants their attorneys' fees; and (3) denying her Arizona Rule of Civil Procedure ("Rule") 60 motion requesting relief from the summary judgment ruling.  Finding no reversible error, we affirm.

## BACKGROUND

¶2　　　In October 2007, Lynaugh entered a Home Equity Credit Agreement with M&I ("the Loan"), which authorized a line of credit up to $172,000 and was secured by a deed of trust on rental property she owned ("the Property").  The term of the Loan was one year, with a "Termination Date" of October 10, 2008.  The Termination Date would automatically renew for successive one-year terms unless M&I terminated the loan by giving Lynaugh at least 30 days' notice before the end of the first year or "the annual anniversary of such date."  In such a case, the unpaid balance would be "due and payable in full on the Termination Date."

¶3　　　In 2011, BMO Financial Group ("BMO") acquired M&I and sent a notice of acquisition to M&I customers, including Lynaugh.  By April 2012, Lynaugh's loan payment receipts indicated her payments were received by M&I as "[a] part of BMO Financial Group" and by October 2012, the receipts named only BMO.

¶4　　　On May 29, 2015, BMO informed Lynaugh it would not renew the Loan and "[o]n October 11, 2015, all amounts owed . . . will be due and payable in full. You will need to refinance or repay your entire outstanding balance."  The letter also offered assistance with alternative financing options and included a phone number if Lynaugh needed a pay-off letter. In response, Lynaugh contended she "did not negotiate and enter an equity loan with BMO"; instead, she had a 30-year loan with M&I, and if BMO bought that contract, it could not "unilaterally rescind . . . or demand a new

contract be entered." In reply, BMO provided Lynaugh a copy of the Loan, explaining it was an annually renewable home equity line of credit that BMO, pursuant to the Loan's terms, had decided not to renew.

¶5        Lynaugh did not refinance or pay the balance due on the account by October 11, 2015. On January 26, 2016, BMO sent Lynaugh a notice of default and right to cure, informing her that she owed $97,650.32, which included a late charge of $4,902.42, and if she did not cure the default by February 17, 2016, BMO "may foreclose upon the collateral pledged to secure such line of credit by a non-judicial trustee's sale." The notice further provided that partial payments "may be accepted," but BMO reserved its right to foreclose if the entire amount was not paid by the due date.

¶6        When Lynaugh did not pay the balance of the Loan by the deadline, BMO referred the matter to the law firm of Folks & O'Connor for foreclosure proceedings. On February 22, 2016, attorney Larry Folks recorded a substitution of trustee and a notice of trustee's sale of the Property to be held on May 24, 2016, at Folks & O'Connor. The notice of trustee sale was mailed to Lynaugh at the Property address and her mailing address of record. Folks also sent Lynaugh a "Statement of Breach or Non-Performance," which stated the principal balance due and the manner in which she could dispute the debt, as well as a separate attachment stating the following:

> If this sale is postponed for any reason–it is your responsibility to determine the actual date and time of any postponed sale. You may do this by personally appearing at the time and place set for the original sale date or the postponed sale date. You may also call our office to determine postponed dates. However, to be certain, you should personally appear at each scheduled sale.

¶7        At BMO's direction, Folks postponed the trustee's sale six times between May 24, 2016, and December 13, 2016, while BMO and Lynaugh exchanged numerous e-mails and letters discussing refinancing options. Each time the sale was postponed, Folks gave notice by "public declaration." See Ariz. Rev. Stat. ("A.R.S.") § 33-810(B) ("The person conducting the sale may postpone or continue the sale . . . by giving notice of the new date, time and place by public declaration at the time and place last appointed for the sale.").

¶8        Lynaugh never executed a new loan with BMO and stopped responding to BMO communications after October 26, 2016. Consequently,

BMO instructed Folks to move forward with the December 13 trustee's sale, and the Property was sold to a third party. Several hours after the sale, Lynaugh filed a motion for temporary restraining order ("TRO").[1] Lynaugh then filed a complaint in the superior court alleging the following causes of action against Defendants[2]: (1) "Frauds 1–7"; (2) "Fraud by Concealment"; (3) Accounting; (4) Wrongful Trustee Sale; (5) Setting Aside the Trustee's Sale; (6) Slander of Title; (7) Quiet Title; and (8) "Further Counts."

¶9            Defendants filed a motion for summary judgment on all claims. Lynaugh countered with her own motion, but the court struck it for noncompliance with page limitations. Shortly thereafter, she filed a response to Defendants' motion. The superior court granted Defendants' motion, finding in favor of Defendants on all claims. Lynaugh then filed another motion for summary judgment that complied with page limitations, as well as a motion to amend her complaint. The court denied both motions because her request for summary judgment was moot and amendment to her complaint would be futile. The court awarded Defendants attorneys' fees under the deed of trust and A.R.S. § 12-349.

¶10            Lynaugh appealed but then obtained a stay from this court to pursue a Rule 60 motion challenging the summary judgment ruling based on new evidence. The superior court denied the motion, stating that it essentially argued no valid foreclosure process had taken place, an argument barred under A.R.S. § 33-811(C). Lynaugh timely filed an amended notice of appeal.

## DISCUSSION

### A.            Summary Judgment

¶11            We review the superior court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the non-

---

[1]      As far as the record reveals, no ruling was issued on Lynaugh's motion. Instead, in granting Defendants' motion for summary judgment, the superior court explained that Lynaugh "did not . . . deliver a copy of [the TRO motion] to this Division or undertake any other action to obtain a timely hearing on the merits of her request for injunctive relief. As a result, no request . . . was ever presented . . . for consideration."

[2]      12th Street Property Trust, the entity that acquired the Property as a result of the trustee's sale, was a named defendant but is not a party to this appeal.

moving party. *Lee v. M & H Enters., Inc.*, 237 Ariz. 172, 175, ¶ 10 (App. 2015). Summary judgment is appropriate if the moving party demonstrates that "there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). We review a court's decision denying a motion to amend a complaint for an abuse of discretion. *Hall v. Romero*, 141 Ariz. 120, 124 (App. 1984).

**¶12** Lynaugh argues the superior court prematurely granted summary judgment because discovery had not been completed. The plain language of Rule 56 allows parties other than the plaintiff to "move for summary judgment at any time after the action is commenced." Ariz. R. Civ. P. 56(b)(2). Furthermore, Rule 56(d) permits a party to request additional time for discovery if it "cannot present evidence essential to justify its opposition," but the request must include an affidavit

> establishing specific and adequate grounds for the request and addressing, if applicable, . . . (i) the particular evidence beyond the party's control; (ii) the location of the evidence; (iii) what the party believes the evidence will reveal; (iv) the methods used to obtain it; (v) an estimate of the time the additional discovery will require; and . . . a good faith consultation certificate.

Ariz. R. Civ. P. 56(d)(1)(A)-(B). Because Lynaugh did not request additional time pursuant to Rule 56(d), she has waived her argument that the summary judgment ruling was premature. *Edwards v. Bd. of Supervisors*, 224 Ariz. 221, 224–25, ¶ 19 (App. 2010).

**¶13** Lynaugh also contends the superior court improperly denied her motion for leave to amend her complaint. In denying the motion, the court concluded the amended complaint was futile because it "simply re-urges claims that have already been resolved against [Lynaugh] as a matter of law." *See First-Citizens Bank & Trust Co. v. Morari*, 242 Ariz. 562, 567, ¶ 12 (App. 2017) ("A court does not abuse its discretion by denying a request to amend if the amendment would be futile."). Lynaugh asserts her amended complaint would have cured deficiencies in her pleadings, but she does not direct us to any specific allegations in the proposed amended complaint nor explain how such allegations would have defeated summary judgment; thus, this argument is waived. *See MT Builders, L.L.C. v. Fisher Roofing, Inc.*, 219 Ariz. 297, 304, ¶ 19 n.7 (App. 2008) (noting that arguments not developed on appeal are generally waived). Moreover, as a practical matter, Lynaugh's motion to amend the complaint was moot because the

court had already ruled that summary judgment in favor of Defendants was proper, and Lynaugh offers no authority suggesting otherwise.

**¶14**     Addressing the merits, Lynaugh generally asserts the court erred in granting summary judgment to Defendants because they "failed to make a *prima facie* case, as they omitted critical evidence and even submitted evidence that conflicted with their claimed rights to judgment." Lynaugh further asserts the court "selectively evaluat[ed] the case" and failed to draw inferences in favor of Lynaugh even when the evidence she presented "completely contradicted" the facts Defendants relied on. To the extent Lynaugh's briefing raises any specific assertions of error, we address them below. [3]

**¶15**     Lynaugh contests the superior court's ruling on her claims for wrongful trustee sale, setting aside the trustee's sale, slander of title, and quiet title. The court concluded that A.R.S. § 33-811(C) barred these claims and granted summary judgment in favor of Defendants. Pursuant to § 33-811(C), a trustor waives "all defenses and objections to the sale" if it fails to obtain an injunction "before 5:00 p.m. . . . on the last business day before the scheduled date of the sale." Although Lynaugh claimed she obtained a TRO "before the trustee's sale deed was transferred on December 22, 2016," the statute mandates that a TRO must be obtained before the "scheduled date of the sale." A.R.S. § 33-811(C). The undisputed evidence plainly shows that Lynaugh did not obtain a pre-sale injunction; thus, the court correctly found A.R.S. § 33-811(C) bars these claims because they each contest the sale's validity. *See Zubia v. Shapiro*, 243 Ariz. 412, 415, ¶ 18 (2018); *Morgan AZ Fin., L.L.C. v. Gotses*, 235 Ariz. 21, 23–24, ¶ 7 (App. 2014) ("Under A.R.S. § 33-811(C), a trustor who fails to enjoin a trustee's sale waives his claim to title of the property upon the sale's completion, and also waives any claims that are dependent on the sale.") (citations omitted).

**¶16**     Lynaugh next argues the superior court erred in granting summary judgment in favor of Defendants on her "fraud by concealment"

---

[3]     In her supplemental opening brief, Lynaugh argues the court erred because "clear evidence and admissions [made by 12th Street]" contained in her motion to stay judgment demonstrate that BMO made an intentionally "false claim that Defendant 12th Street was the 'highest bidder' at [the] trustee's sale." We agree with the superior court's finding that even assuming the validity of this point, "Defendant 12th Street is not a party to the 54(b) Judgment. The Court fails to see how 'new evidence' relating to [12th Street] could have any effect on the validity of a partial judgment to which [12th Street] is not a party anyway."

claim because the court "overlook[ed]" her "allegations that the bank was withholding the actual balance" due. Lynaugh's argument appears to be that the Defendants committed fraud by conducting the trustee's sale after withholding pay-off information from her. Lynaugh does not direct us to any evidence in the record supporting her claim that she affirmatively asked for a pay-off amount and was denied such information, but even presuming such evidence exists, summary judgment was proper because this claim, like the others, effectively challenges the validity of the trustee's sale and is barred by A.R.S. § 33-811(C). *Zubia*, 243 Ariz. at 415, ¶ 18 (explaining that the statute bars all objections to the trustee's sale and that a claim is an objection if its success "would effectively result in a legal determination that the sale was defective"); *see also Glaze v. Marcus*, 151 Ariz. 538, 540 (App. 1986) ("We will affirm the trial court's decision if it is correct for any reason, even if that reason was not considered by the trial court.").

**¶17** Lynaugh further contends summary judgment was improper because the court did not make all inferences in her favor. She suggests the court erred by failing to analyze the language of the Loan, claiming it established that BMO did not have the authority to find her in default and move forward with foreclosure proceedings. Section § 33-811(C) bars these contentions. *Supra* ¶¶ 15–16.

**¶18** Finally, Lynaugh asserts the superior court erred by refusing to acknowledge that "the only noticed sale was cancelled by . . . BMO themselves." In her Rule 60 motion, Lynaugh reiterated her contention that the sale was canceled, but added that even if it was not canceled, the sale was not properly noticed or postponed because the Arizona Attorney General found that the notary who certified the documents did not record certain required information in her journal log books.[4] The court denied the motion because Lynaugh's "request for relief amounts to a challenge to the validity of the trustee's sale held on December 13, 2016. Such a challenge is precluded." We review the court's denial for an abuse of discretion. *Vortex Corp. v. Denkewicz*, 235 Ariz. 551, 555, ¶ 8 (App. 2014).

**¶19** The court erred to the extent it concluded that Lynaugh's notice argument was precluded by A.R.S. § 33-811(C) because the statute

---

[4] This notarization argument is waived on appeal because Lynaugh cites no authority supporting her assertion that a properly delivered notice or postponement of trustee's sale is void because the notary public did not comply with notary regulations. *See MT Builders, L.L.C.*, 219 Ariz. at 304, ¶ 19 n.7.

does not bar such claims. *BT Capital, LLC v. TD Serv. Co. of Ariz.*, 229 Ariz. 299, 301, ¶ 10 (2012) ("Under this statute, a person who has defenses or objections to a *properly noticed* trustee's sale has one avenue for challenging the sale: filing for injunctive relief.") (emphasis added); *Steinberger v. McVey ex rel. Cty. of Maricopa*, 234 Ariz. 125, 136, ¶ 42 (App. 2014) ("[O]nce a non-judicial foreclosure sale has taken place, the only defense that may be raised is lack of notice of the sale."). However, the error is harmless because the uncontroverted evidence establishes that Lynaugh received proper notice of the sale by the trustee, and Lynaugh does not contend the trustee canceled the sale. *See City of Phoenix v. Geyler*, 144 Ariz. 323, 330 (1985) (explaining that appellate courts will affirm the trial court's decision even if the court "reached the right result for the wrong reason"); *see also* A.R.S. § 33-803.01 (stating a trustee cannot delegate its duties to, *inter alia*, prepare and execute notice of the cancellation of the sale); § 33-813(F) (requiring a trustee to record a cancellation of sale "[i]f the trust deed is paid in full or if the sale is not held or is not properly postponed"); *cf. Kelly v. NationsBanc Mortg. Corp.*, 199 Ariz. 284, 289, ¶ 25 (App. 2000) ("The initial notice of the trustee's sale . . . complied with [§] 33–808, and the Kellys do not argue that NationsBanc failed to comply with [§] 33–310 when it postponed the sale. Thus, it became the Kellys' burden to stay apprised of the new sale dates.").

## B. Attorneys' Fees

**¶20** Lynaugh also appeals the superior court's award of attorneys' fees to Defendants, which we review for an abuse of discretion. *In re Indenture of Trust Dated Jan. 13, 1964*, 235 Ariz. 40, 51, ¶ 41 (App. 2014). The court awarded attorneys' fees pursuant to Section 16 of the deed of trust and A.R.S. § 12-349. Lynaugh argues the court erred in its interpretation of the deed of trust and there was no reasonable basis for its award pursuant to A.R.S. § 12-349. Section 16 of the deed of trust provides as follows: "To the extent not prohibited by law, Trustor shall pay all reasonable costs and expenses before and after judgment, including without limitation, attorneys' fees, . . . incurred by Beneficiary in protecting or enforcing its rights under this Deed." The court found that because Defendants' "fees were incurred 'protecting or enforcing its rights under [the] Deed of Trust," the court lacked discretion to deny the request because it was "contractually authorized." *See Chase Bank of Ariz. v. Acosta*, 179 Ariz. 563, 575 (App. 1994). The court did not abuse its discretion because "[a] contractual provision for attorneys' fees will be enforced according to its terms." *Id.* Thus, we need not address the court's alternative reliance on A.R.S. § 12-349.

**¶21** On appeal, Defendants request reasonable fees pursuant to the deed of trust, or alternatively A.R.S. §§ 12-349 and -341.01. Because

Defendants have successfully protected their rights under the deed of trust, we grant the request in an amount to be determined, upon compliance with ARCAP 21.

## CONCLUSION

¶22        For the reasons stated above, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:  AA