**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

L. P. CHAMP; L. J. AMMERMAN, wife
and husband

         Plaintiffs-Appellants,

v.

MICHAEL JUNG, husband; et al.,

         Defendants-Appellees.

No.    17-16249

D.C. No. 2:16-cv-02168-ROS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Submitted May 16, 2019[**]
San Francisco, California

Before:  WALLACE, IKUTA, and CHRISTEN, Circuit Judges.

      Plaintiffs L. P. Champ and L. J. Ammerman brought suit against McKinsey

& Company and two foreign nationals who were never served, alleging fraud and

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

breach of contract claims related to an oil deal in Albania.[1]  The district court

dismissed the action as time-barred under Arizona's statute of limitations and then

denied Plaintiffs' motion for reconsideration.  We have jurisdiction pursuant to 28

U.S.C. § 1291, and we affirm.

Plaintiffs' primary arguments on appeal are that: (1) the district court should

have applied Switzerland's ten-year statute of limitations because the underlying

contract is governed by Swiss law; and, alternatively, (2) the district court should

have ruled that exceptional circumstances preclude the application of Arizona law,

and then applied New York law.  However, neither argument was raised in

response to McKinsey's motion to dismiss and so the arguments are forfeited here.

*Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("As a general rule, we will

not consider arguments that are raised for the first time on appeal. . . . [A]n

appellate court will not consider issues not properly raised before the district

court.").

Moreover, even if the arguments were not forfeited, dismissal would still be

appropriate under Arizona's statute of limitations.  Ariz. Rev. Stat. §§ 12-543(3),

12-544(3).  McKinsey is not a party to the contract and so is not bound by the

---

[1]  Because the parties are familiar with the facts of this case, we do not
recount them in detail here.

agreement's choice-of-law provision. *See Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014); *First-Citizens Bank & Tr. Co. v. Morari*, 399 P.3d 109, 115 (Ariz. Ct. App. 2017). The actual defendants who did sign the contract have not been served, and so are not part of the proceeding here. Furthermore, there are no exceptional circumstances in this case that justify the application of New York law instead of the law of the forum state. *Jackson v. Chandler*, 61 P.3d 17, 18-19 (Ariz. 2003).

**AFFIRMED**.[2]

---

[2] McKinsey's separate motion to strike (Dkt. No. 27) is DENIED as moot.