NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MILLARD SELDIN, *Plaintiff/Appellant,*

*v.*

SELDIN DEVELOPMENT & MANAGEMENT COMPANY LLC, et al.,
*Defendants/Appellees.*

No. 1 CA-CV 19-0186
FILED 2-20-2020

Appeal from the Superior Court in Maricopa County
No. CV2018-000815
The Honorable Rosa Mroz, Judge

**AFFIRMED**

COUNSEL

Tiffany & Bosco, P.A., Phoenix
By Robert A. Royal, Amy D. Sells, Todd T. Lenczycki
*Co-Counsel for Plaintiff/Appellant*

Sherrets Bruno & Vogt LLC, Scottsdale
By Jason Mario Bruno
*Co-Counsel for Plaintiff/Appellant*

Bryan Cave Leighton Paisner LLP, Phoenix
By Sean K. McElenney, Gregory B. Iannelli
*Counsel for Defendants/Appellees*

## MEMORANDUM DECISION

Judge David B. Gass delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Maria Elena Cruz joined.

**G A S S**, Judge:

**¶1**       Millard Seldin (Millard) appeals the dismissal of his claims for indemnification and contribution against appellees. This case arises from the dissolution of a family business under a negotiated Separation Agreement (the agreement). Because Millard agreed to arbitrate "all Claims and Disputes" arising from the business dissolution in Nebraska, the superior court's dismissal is affirmed.

### FACTUAL AND PROCEDURAL HISTORY

**¶2**       All but two appellees were parties to the agreement. Seldin Development & Management Company (SD&M) and MTS Acquisitions LLC (MTS) were not parties. SD&M and MTS were dissolved before these proceedings began. SD&M and MTS appear at the direction of the former officers and members.

**¶3**       In 2008, Millard and the appellees had a falling out. They negotiated the agreement "to provide for the efficient and timely separation of ownership of the Properties between them." Per the agreement, Nebraska law governs, and Nebraska state and federal courts are the exclusive venue for any actions arising from the dissolution.

**¶4**       Under the agreement, Millard and appellees must resolve "all issues that arise in connection with the separation process . . . and all such decisions shall be final and binding upon and enforceable against each Party in any court of competent jurisdiction." The parties specifically agreed to resolve all disputes between themselves "regarding, among other things, the governance of various Entities, [and] the operation and management of various Properties." The agreement identified SD&M and MTS as two such entities. The parties further agreed "all Claims and Disputes shall be handled exclusively by arbitration."

**¶5**       The agreement also recognized the parties had asserted or might assert "certain ancillary claims and causes of action (collectively, the 'Ancillary Claims'), which relate to or arise out of their respective business

dealings." The parties agreed to use arbitration "as the exclusive means of resolving such" claims under the agreement.

¶6         The parties proceeded through the separation process. At the end, they engaged in a complex, lengthy arbitration process. The arbitrator issued a final award (the award). The award ordered Millard to pay the appellees $2,997,000 for legal and ethical violations arising from "their respective business dealings."

¶7         In the award, the arbitrator said:

> The Separation Agreement put in place detailed contractual dispute resolution procedures and remedies that were heavily negotiated by the Parties with the assistance of legal counsel. The procedures and remedies were intended to produce a final, binding decision through a private arbitration proceeding that would resolve any and all post-separation claims that might be asserted by and between any of the Parties ("Ancillary Claims").

The arbitrator continued, saying:

> Except as specifically provided herein, all other Ancillary Claims, theories of liability, causes of action, counterclaims, affirmative defenses . . . alleged damages, and requests for sanctions . . . which have been or could have been asserted by the Parties at any time during this proceeding, are hereby denied after considering the weight of the evidence, the applicable law and the equities between the Parties.

A Nebraska court affirmed the award in May 2018.

¶8         In this action, Millard seeks indemnification and contribution from persons and entities who were subject to the agreement. Appellees moved to dismiss Millard's complaint for failure to state a claim. The superior court granted the motion without argument, simply saying it "agrees with Defendants' arguments." Millard timely appealed.

**ANALYSIS**

¶9         The superior court should grant a Rule 12(b)(6) motion if the complaint fails to state a claim upon which relief can be granted. *Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶ 8 (2012). This court reviews *de novo* the superior court's ruling on a Rule 12(b)(6) motion, and may affirm on any

ground supported by the record. *See id.* at 355, ¶ 7; *Mirchandani v. BMO Harris Bank, N.A.*, 235 Ariz. 68, 72, ¶ 15 (App. 2014).

**¶10** This court "must assume the truth of all of the complaint's material allegations [and] accord the plaintiffs the benefit of all inferences which the complaint can reasonably support." *Gatecliff v. Great Republic Life Ins. Co.*, 154 Ariz. 502, 508 (App. 1987). This court, however, does not accept as true "allegations consisting of conclusions of law, inferences or deductions that are not necessarily implied by well-pleaded facts, unreasonable inferences or unsupported conclusions from such facts, or legal conclusions alleged as facts." *Jeter v. Mayo Clinic Ariz.*, 211 Ariz. 386, 389, ¶ 4 (App. 2005).

I.     The superior court did not err when it declined to convert appellees' motion to dismiss to a motion for summary judgment.

**¶11** Millard argues the superior court should have converted appellees' motion to dismiss to a motion for summary judgment under Rule 56 because appellees appended the agreement and award to their motion. Millard did not append those documents to his complaint.

**¶12** Contrary to Millard's arguments, the agreement and award fall within an exception to the general conversion rule because the two documents are central to Millard's complaint. *See Strategic Dev. & Constr., Inc. v. 7th & Roosevelt Partners, LLC*, 224 Ariz. 60, 64, ¶ 14 (App. 2010). "The rationale underlying the conversion rule is that a plaintiff must be given an opportunity to respond when a motion to dismiss for failure to state a claim includes material extraneous to the complaint." *Id.* When a motion cites a document central to the complaint "the plaintiff obviously is on notice of the contents of the document, and the need for a chance to refute evidence is greatly diminished." *Id.*

**¶13** *Strategic* said "Rule 56 treatment [was] not required when Rule 12(b)(6) motion attached 'undisputedly authentic' copy of contract that was the subject of complaint even though contract was not attached to the complaint." *Id.* (relying on *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196-97 (3d Cir. 1993)). The agreement and award plainly fall within the exception to the conversion rule.

**¶14** Because appellees' motion to dismiss presented evidence central to the complaint—evidence already well-known to Millard and in his possession—the superior court did not err in treating it as a Rule 12(b)(6) motion rather than a motion for summary judgment.

II.     Millard had to assert all his claims against appellees under the agreement's procedures and remedies.

¶15         Nebraska law controls the scope of the arbitration provision in the agreement. Under Nebraska law, "any doubt concerning the scope of arbitrable issues is to be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Smith Barney, Inc. v. Painters Local Union No. 109 Pension Fund*, 579 N.W.2d 518, 522 (Neb. 1998) (internal citations omitted).

¶16         Though SD&M and MTS were not parties to the agreement, they were entities subject to it, and Millard had to raise and resolve any issues regarding those entities "in the separation process." The issue then becomes whether Millard's claims against appellees, including SD&M and MTS, fall within the scope of the separation process. Following the Nebraska Supreme Court's directive to resolve "any doubt concerning the scope of arbitrable issues . . . in favor of arbitration," any claims Millard may have against appellees—indemnity, contribution, or otherwise—plainly fall within in the agreement's scope. *See id.*

¶17         The agreement includes clear and unambiguous language in which the parties agreed to resolve "all issues that arise in connection with the separation process . . . and all such decisions shall be final and binding upon and enforceable against each Party in any court of competent jurisdiction." The parties further agreed to resolve all such claims "exclusively by arbitration."

¶18         Based on this contractual language, Millard's claims "relate to or arise out of [his] respective business dealings [with appellees]" and "the separation process." *See generally Smith Barney*, 579 N.W.2d at 522. Those claims were subject to an enforceable arbitration process under the agreement and the superior court did not err in dismissing Millard's claims.[1]

III.    The superior court did not err in dismissing Millard's complaint with prejudice.

¶19         Generally, before dismissing a complaint with prejudice for failure to state a claim, a court should give the plaintiff an opportunity to amend the complaint if amendment would cure any legal defects.

---

[1] Because the arbitration clause is dispositive, this court need not address the merits of Millard's indemnification and contribution claims.

5

*Wigglesworth v. Mauldin*, 195 Ariz. 432, 439, ¶ 26 (App. 1999). If amendment would not cure the complaint's legal defects, a court need not provide an opportunity to amend and dismissal with prejudice is appropriate. *See First Citizens Bank & Trust Co. v. Morari*, 242 Ariz. 562, 567, ¶ 12 (App. 2017); *Wigglesworth*, 195 Ariz. at 439, ¶ 27.

**¶20**　　As discussed above, Millard's exclusive mechanism to address his claims against appellees was in arbitration under the agreement. Because no amendment could cure the legal defects in Millard's complaint, the superior court did not err in dismissing it with prejudice.

## ATTORNEY FEES ON APPEAL

**¶21**　　Appellees request attorney fees and costs incurred in this appeal under A.R.S. § 12-349 and ARCAP 25. Millard requests attorney fees and costs incurred under A.R.S. § 12-341.01 and ARCAP 21.

**¶22**　　In analyzing these fee requests, this court considered all relevant factors under A.R.S. § 12-350. Here, Millard prevailed on none of his arguments, and his claims were largely unsupported by the record or the law. Accordingly, we grant appellees' requests for an award of reasonable attorney fees and costs on appeal upon compliance with ARCAP.

## CONCLUSION

**¶23**　　For the foregoing reasons, the superior court's judgment is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA