NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

PETER STROJNIK, *Plaintiff/Appellant*,

*v.*

BEST WESTERN INTERNATIONAL INC, *Defendant/Appellee*.

No. 1 CA-CV 22-0036
FILED 10-13-2022

Appeal from the Superior Court in Maricopa County
No.  CV2021-050758
The Honorable Sara J. Agne, Judge

**AFFIRMED**

COUNSEL

Peter Strojnik, Phoenix
*Plaintiff/Appellant*

Ogletree Deakins Nash Smoak & Stewart PC, Phoenix
By Caroline K. Larsen
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the court, in which Presiding Judge David D. Weinzweig and Judge D. Steven Williams joined.

---

**H O W E**, Judge:

¶1        Peter Strojnik appeals the trial court's granting Best Western International Inc.'s dba Best Western Hotels and Resorts ("BWI") motion to dismiss for failure to state a claim and denying his request for leave to amend his complaint. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        After perusing multiple BWI booking websites in Arizona and visiting several locations in California, Strojnik filed a complaint against BWI. He alleged consumer fraud—brand deceit, civil conspiracy, civil aiding and abetting, and disability law violation, which he later voluntarily dismissed. He described that he is in poor health and examined the websites "to determine whether they provided sufficient accessibility information" before his stay. He also described that BWI franchises its brand name to third-party hotels and alleged that each BWI location he visited in California was inaccessible.

¶3        Under the Arizona Consumer Fraud Act ("ACFA"), he alleged that hotels "have developed a system of deceptive self-identification through the purchase and use of nationally recognizable brand names such as 'Best Western' to hide the true ownership and operational management of the hotel or motel." He added that BWI "misidentifies itself . . . through its booking website" and that guests are really booking rooms with an "Unknown Hotelier" that fail to disclose non-accessible features. He alleged that he justifiably relied on "BWI's compliance with, belief in, and endeavor to comply with disability laws" on his visits and was injured as a result.

¶4        Under civil conspiracy, he alleged that in contracting with "Unknown Hoteliers," BWI "falsely market[ed] their lodging as a 'Best Western' in order to mislead the public." He alleged that he relied on its "good name, reputation, and policies," but that the "Unknown Hoteliers"

using the BWI name have "no reputation and no policy of compliance with disability laws." On his third claim, he alleged that "BWI aided and abetted Unknown Hoteliers" in violating consumer protection laws by providing the Best Western sign on their buildings, not disclosing "the true ownership and operators" on its website, and failing to "disclose accessibility facilities" on its website. He alleged that BWI created a "substantial risk of significant harm" to him and that he "suffered an injury." He sought "injunctive relief, equitable nominal damages in the amount of no less than $1.00, actual nominal damages in the amount of no less than $1.00, [and] punitive damages as applicable in the amount no less than $1.00."

**¶5**        BWI moved to dismiss for failure to state a claim under Arizona Rule of Civil Procedure ("Rule") 12(b)(6), arguing that Strojnik failed to properly allege an injury for all his claims or illegality of conduct on the part of BWI. It argued that BWI's website, including booking pages for its third-party hotels, stated that "[e]ach Best Western branded hotel is independently owned and operated." In opposing the motion, Strojnik requested leave to amend his complaint.

**¶6**        The court granted BWI's motion and dismissed Strojnik's other claims with prejudice, relying on the statement on BWI's website. The court found that BWI did not make misrepresentations and that "even the least sophisticated reader" would not believe that "third party member hotels' services, standards and core principles would be anything but their own." It further found that his civil conspiracy and aiding and abetting claims also fail "[w]ithout an unlawful act at the gravamen of his claims." The court also denied his request for leave to amend because granting it would be "futile." Strojnik timely appealed.

## DISCUSSION

**¶7**        Strojnik argues that the trial court erred in dismissing his claims and denying his motion for leave to amend the complaint. We review the dismissal of a complaint under Rule 12(b)(6) de novo. *Fappani v. Bratton*, 243 Ariz. 306, 309 ¶ 8 (App. 2017). We review the denial of a request to amend for an abuse of discretion. *First-Citizens Bank & Trust Co. v. Morari*, 242 Ariz. 562, 567 ¶ 12 (App. 2017).

I.        **BWI's Motion to Dismiss**

**¶8**        The court did not err in granting BWI's motion to dismiss. To state a claim under the ACFA, Strojnik must sufficiently allege that BWI's franchise agreement with third-party hotels was fraudulent, and that the agreement injured him. *See Cheatham v. ADT Corp.*, 161 F. Supp. 3d 815,

825–26 (D. Ariz. 2016) (stating that the ACFA "broadly prohibits fraudulent, deceptive, or misleading conduct in connection with the sale or advertisement of consumer goods and services"). He did not do so. Rather, he made conclusory statements that BWI tried to hide the "true ownership and operational management" of the hotels to which it licenses its brand, that he justifiably relied on BWI's representation that it complies with disability laws, and that he was injured from his reliance. *See Steinberger v. McVey ex rel. Cnty. of Maricopa*, 234 Ariz. 125, 141–42 ¶¶ 74–75 (App. 2014) (stating that consumer fraud claims must include "detailed supporting allegations," including specifically identifying the actors involved and their alleged misconduct). But we "do not accept as true allegations consisting of conclusions of law, inferences or deductions that are not necessarily implied by well-pleaded facts, unreasonable inferences or unsupported conclusions from such facts, or legal conclusions alleged as facts." *Swift Trans. Co. of Ariz. L.L.C. v. Ariz. Dep't of Revenue*, 249 Ariz. 382, 385 ¶ 14 (App. 2020). Strojnik also failed to plead any cognizable injury.

**¶9** Without more, Strojnik's conclusory allegations are not enough to survive a motion to dismiss under Rule 12(b)(6). *Cf. Cheatham*, 161 F. Supp. 3d at 831 (holding that plaintiff sufficiently established damages in alleging that "she would not have purchased her wireless security system but for ADT LLC's violation of the ACFA" and continued to suffer economic loss); *Lorona v. Ariz. Summit Law Sch.*, 188 F. Supp. 3d 927, 935–37 (D. Ariz. 2016) (holding that plaintiff's complaint sufficiently alleged that she relied on law school's misrepresentation of graduation statistics and was damaged through unemployability).

**¶10** To properly plead a claim for civil conspiracy and civil aiding and abetting, Strojnik had to prove an underlying tort as an essential element. *See Caruthers v. Underhill*, 230 Ariz. 513, 526 ¶ 54 (App. 2012). He did not do so. He merely alleged that in contracting with third-party hotels, BWI "falsely market[ed] their lodging as a 'Best Western' in order to mislead the public" and did not disclose "the true ownership and operators" or accessible facilities on its website. These claims are similarly conclusory and based on his ACFA claim, which we found deficient. *See supra* ¶¶ 8–9. Therefore, the court did not err.

## II.      Strojnik's Request to Amend

**¶11** The court did not err in denying Strojnik's request to amend the complaint. Generally, leave to amend is "freely given when justice requires." *ELM Ret. Ctr., LP v. Callaway*, 226 Ariz. 287, 292 ¶ 25 (App. 2010). However, the court may deny a request upon finding "undue delay, bad

faith, dilatory motive, [and] repeated failure to cure deficiencies by previous amendments or undue prejudice to the opposing party," *Carranza v. Madrigal*, 237 Ariz. 512, 515 ¶ 13 (2015) (internal quotation marks omitted), or "if the amendment would be futile," *ELM Ret. Ctr., LP*, 226 Ariz. at 292 ¶ 26. A futile amendment is one that does not present new theories of recovery or allege additional facts to properly plead a claim. *Id.* Here, the record presents Strojnik's history of filing lawsuits that were similarly dismissed under Rule 12(b)(6), thereby demonstrating his failure to cure past pleading deficiencies. *See, e.g.*, *Strojnik v. Kashyap Hotels, LLC*, No. 1 CA-CV 21-0043, 2021 WL 5183626, *3 ¶ 18 (Ariz. App. Nov. 9, 2021) (unpublished) (affirming superior court's denial of his motion to amend for his history of filing deficient complaints); *Strojnik v. FlagExpress, LLC*, No. 1 CA-CV 21-0074, 2021 WL 5183632, *4 ¶ 20 (Ariz. App. Nov. 9, 2021) (unpublished) (affirming same); *Strojnik v. State ex. rel. Brnovich*, No. 1 CA-CV 20-0423, 2021 WL 3051887, *3–4 ¶¶ 18–19 (Ariz. App. July 20, 2021) (unpublished) (affirming superior court's grant of a Rule 12(b)(6) motion to dismiss and denial of his request to amend based on untimely notice of claim). Allowing him the opportunity to amend his complaint now would be futile. Therefore, the court did not err.

## CONCLUSION

**¶12**      For the reasons stated, we affirm. BWI requests its costs and attorneys' fees under ARCAP 21 and A.R.S. § 12–349 because Strojnik's claims are "without merit" and "frivolous." Strojnik appealed without substantial justification. *See* A.R.S. § 12–349(A)(1). Accordingly, we award BWI its reasonable attorneys' fees and costs upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:      AA