NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

# IN THE
# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

NANCY KNIGHT, *Plaintiff/Appellant,*

*v.*

LARRY HOGUE AND JAUNICE HOGUE, husband and wife; DIVNA IRINA UNIPAN; RONALD AND SHIRLEY MILLER, husband and wife; BENITO AND SARAH GARCIA; husband and wife; MICHAEL AND JUDY ROVNO; husband and wife; PETER AND ANTOINETTE CHOATE, husband and wife; COLE A. HANSON and DONNA M. DUBE, husband and wife; SUNIL KUKREJA; TIMOTHY W. AND TAMARI FREY; husband and wife; MOHAVE COUNTY DEVELOPMENT SERVICES; MEHDI AZARMI; LUDWIG ENGINEERING ASSOCIATES; FAIRWAY CONSTRUCTORS INC., and T&M MOHAVE PROPERTIES, LLC,
*Defendants/Appellees.*

No. 1 CA-CV 24-0018

FILED 09-26-2024

---

Appeal from the Superior Court in Yavapai County
No. P1300CV202200177
The Honorable John David Napper, Judge

**AFFIRMED**

---

COUNSEL

Nancy Knight, Fort Mohave
*Plaintiff/Appellant*

Lundberg & Elias, PLLC, Bullhead City
By T'shura-Ann Elias

*Counsel for Defendants/Appellees Larry and Juanice Hogue, Ronald and Shirley Miller, Benito and Sarah Garcia, Michael and Judy Rovno, Cole A. Hanson and Donna M. Dube, Timothy W. Frey and Tammy Frey, Peter and Antoinette Choate, and Sunil Kukreja*

Mohave County Attorney, Kingman
By Jeffrey B. Haws
*Counsel for Defendant/Appellee Mohave County Development Services*

Law Offices of Daniel J. Oehler, Bullhead City
By Daniel J. Oehler
*Counsel for Defendants/Appellees Ludwig Engineering Associates, Inc., Fairway Constructors, Inc., and Mehdi Azarmi*

---

**MEMORANDUM DECISION**

Judge Andrew M. Jacobs delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Samuel A. Thumma joined.

---

**J A C O B S**, Judge:

¶1        Plaintiff Nancy Knight ("Knight") appeals the dismissal of her claims against owners of property within, and developers of, Desert Lakes Golf Course and Estates ("the Desert Lakes Defendants") and Mohave County Development Services ("MCDS"). Knight alleged the Desert Lakes Defendants violated the covenants, conditions, and restrictions ("the CC&Rs") of Desert Lakes Golf Course and Estates ("Desert Lakes") concerning building setbacks and fencing, thus devaluing her lot in Desert Lakes. Knight sued MCDS for issuing permits she alleged violated the CC&Rs and authorized trespasses onto her land. Because: (1) Knight did not comply with an order in a prior, parallel case requiring her to join necessary parties; (2) MCDS is a non-jural entity; and (3) Knight's claims against MCDS were barred by the statute of limitation and the claims statute, we affirm.

**FACTS AND PROCEDURAL HISTORY**

**A.        Desert Lakes Adopts the CC&Rs That Govern Tract 4076-B.**

¶2        In 1989, Desert Lakes' CC&Rs became effective for Tract 4076-B. The CC&Rs require that buildings be set back at least twenty feet from the property line in the front and rear, and the sides of a building be set

2

back at least five feet from the property line. They also limit fence height and prohibit construction of either a fence or wall in the setback area.

### B. Mohave County Rezones Tract 4076-B, Creating Unit E, Tract 4163.

¶3        In 1998, the Mohave County Board of Supervisors rezoned part of Tract 4076-B, which had been agricultural-residential. The rezoning created Unit E, Tract 4163, a special development/single family residential/mobile homes prohibited zone ("Tract 4163"). Tract 4163 is 4.99 acres and subdivided into 32 lots. The rezoning established a setback for Tract 4163 differing from the CC&Rs. As rezoned, the minimum rear setback became ten (10) feet while the minimum front setback remained twenty feet, and the side setback remained five feet.

### C. Knight Discovers Alleged Violations of Desert Lakes' CC&Rs and Sues the Alleged Violators.

¶4        In 2010, Knight purchased her home on a lot within Tract 4163. Before filing suit, Knight discovered her home violated the CC&Rs' setback restrictions because it sat less than twenty feet from its rear property line and less than five feet from the property line on its west side. Knight then discovered that other lots within Tract 4163 did not comply with the CC&Rs. In 2015, Knight learned MCDS permitted her neighbor to build a fence within twenty feet of Knight's home, which she would later contend was a trespass.

¶5        January 2018, Knight sued some of the Desert Lakes Defendants in Mohave County ("the Mohave County Case"), alleging they violated Desert Lakes' CC&Rs as to setbacks. In October 2021, the defendants moved under Arizona Rule of Civil Procedure 19(a) to require Knight to join all Desert Lakes homeowners as parties necessary to determine the proper construction of the CC&Rs. In January 2022, the Mohave County Superior Court ordered Knight to join, as necessary parties under Rule 19(a), every lot owner in Desert Lakes that lived within the tracts subject to the CC&Rs—Tracts 4076-B, 4076-D, and 4163 ("the Rule 19 Order"). It is undisputed that Knight never complied with the Rule 19 Order.

**D.** **Knight Files Notices of Claim Against MCDS, Contending it Authorized Trespassing By Permitting Her Neighbor to Build a Fence Within Twenty Feet of Her Home and Improperly Issued Construction Permits to Developers.**

¶6 Between April 2018 and December 2020, Knight filed three notices of claim challenging MCDS's issuance of a permit allowing her neighbor's fence to improperly trespass on her land. The April 2018 notice of claim states MCDS issued a permit allowing the fence, and improperly failed to revoke that permit, while conceding Knight objected to the permit in 2015. The May 2020 notice of claim asserted the permit was improper for failure to follow processes, and because MCDS did not revoke it. The December 2020 notice of claim contended the permit should have been revoked on or about October 3, 2016.

¶7 Between August 2020 and June 2021, Knight filed three notices of claim alleging MCDS took actions that violated setback requirements. The August 2020 claim alleged MCDS improperly approved permits for lots, including hers, that did not meet the setback requirements of the CC&Rs. Knight claimed MCDS and its employees, by approving the permits, sought to improperly benefit a developer of Tract 4163. She offered to resolve her claim by the county purchasing her home for $500,000, providing her with $3,000 in moving costs, a long-term lease of her home at $500 until she found another place to live, and attorneys' fees. In her December 2020 filing, Knight alleges MCDS and its employees committed fraud which led to the setback violations and had breached their duties by issuing violative permits. The June 2021 filing makes the same claims.

**E.** **Knight Files the Current Case Against the Desert Lakes Defendants and MCDS for Alleged Violations of the CC&Rs.**

¶8 On December 27, 2021, Knight filed this case in Mohave County Superior Court, which was later transferred to the Yavapai County Superior Court on her motion. In it, Knight sued the Desert Lakes Defendants and MCDS on six theories relating to the CC&Rs on setbacks and fencing.

¶9 First, Knight alleges breach of contract through the Desert Lakes Defendants' violations of the CC&Rs concerning setbacks (Count 1). Second, Knight alleges the Desert Lakes Defendants and MCDS breached a duty to Knight by failing to ensure that Desert Lakes homes (including hers) were built consistent with those CC&Rs (Count 2). Third, Knight claims

4

MCDS and the Desert Lakes Defendants sought to defraud Mohave County officials into approving Resolution No. 98-348, an allegedly improper reduction of setbacks (Count 3). Fourth, Knight requested declaratory relief to halt continuing violations of the CC&Rs in Tracts 4076-B and 4076-D (Count 4). Fifth, Knight sought declaratory relief to compel MCDS to buy land adjacent to Knight's property, so her land would comply with the CC&Rs concerning setbacks (Count 5). Sixth, Knight requested an injunction barring MCDS from issuing permits that violate the CC&Rs (Count 6).

### F.      The Superior Court Dismisses Knight's Claims.

¶10        The Desert Lakes Defendants moved to dismiss Knight's claims, arguing Knight improperly sought to circumvent the Rule 19 Order by filing this lawsuit instead of joining the Desert Lakes Defendants in the Mohave County Case. The court granted the motion agreeing that the Rule 19 Order, requiring Knight to join the homeowners, barred Knight from pursuing this case in parallel.

¶11        MCDS likewise moved to dismiss Knight's claims against it, because it is a non-jural entity. MCDS also argued Knight's claims failed to comply with the Notice of Claim statute, A.R.S. § 12-821.01(A), and the one-year statute of limitations on claims against public entities, A.R.S. § 12-821. The court granted MCDS's motion on all of those grounds. The court also denied Knight's request to amend her complaint as futile.

¶12        After entry of a final judgment, Knight timely appealed. We have jurisdiction under A.R.S. § 12-2101(A)(1) and Article 6, Section 9 of the Arizona Constitution.

### DISCUSSION

¶13        Knight appeals from the grant of the Desert Lakes Defendants and MCDS's motions to dismiss for failure to state a claim upon which relief can be granted. We review those orders de novo. *Coleman v. City of Mesa*, 230 Ariz. 352, 355 ¶ 7 (2012). A party's complaint will be dismissed when "as a matter of law [] plaintiffs would not be entitled to relief under any interpretation of facts susceptible of proof." *Id.* at 356 ¶ 8 (citation omitted); Ariz. R. Civ. P. 12(b).

5

I.    **The Superior Court Did Not Err in Granting MCDS's Motion to Dismiss with Prejudice and Denying Knight Leave to Amend.**

   A.    **Knight's Claims Against MCDS Did Not Comply with the Requirements in A.R.S. § 12-821.01(A) and Are Barred by the Statute of Limitations in A.R.S. § 12-821.**

¶14    MCDS argues Knight's complaint failed to comply with A.R.S. § 12-821, which bars actions against a public entity not filed within one year after accrual, and A.R.S. § 12-821.01(A), which bars suits against public entities without first filing a claim with the public entity within 180 days after accrual. *Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 214 Ariz. 293, 294 ¶ 1 (2007). Knight asserts that her repeated refilings of successive versions of her notice of claim restarted the running of these limitation periods.

   1.    **Knight's Claims Failed to Comply with the Time Limitations in A.R.S. §§ 12-821.01(A) and 12-821.**

¶15    Under A.R.S. § 12-821.01(A), a person with a claim against a public entity must file a claim with the public entity within 180 days after it accrues. And under A.R.S. § 12-821, a cause of action against a public entity must be filed within one year of its accrual. For the notice of claim statute, a claim "accrues when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition that caused or contributed to the damage." A.R.S. § 12-821.01(B); *Dube v. Likins*, 216 Ariz. 406, 421 ¶ 2 (App. 2007) (supplemental opinion; applying definition of accrual in A.R.S. § 12-821.01(B) to A.R.S. § 12-821).

¶16    Accrual does not require perfect knowledge. A cause of action accrues when "a reasonable person would have been on notice to investigate" – not when a claimant is "conclusively aware she had a cause of action against a particular party[.]" *Cruz v. City of Tucson*, 243 Ariz. 69, 72 ¶ 8 (App. 2017) (internal quotations and citations omitted).

¶17    Knight filed the complaint on December 27, 2021. Thus, under A.R.S. § 12-821, she could only sue MCDS for claims that accrued on or after December 27, 2020. And Knight must also have filed these claims within 180 days after accrual. A.R.S. § 12-821.01(A). As we next explain, all three of Knight's claims against MCDS are untimely.

### a.     Knight's Breach of Duty Claim Is Time-Barred.

**¶18**          Knight alleges MCDS breached a duty to "inspect [a]pplications and plot plans . . . for twenty (20) foot setbacks, front and rear, before issuing permits for New Home Construction" and refusing to enforce permit requirements for her neighbor's modification of her fence. But Knight filed claim forms relating to these breach of duty claims as early as 2018, alleging MCDS improperly issued permits related to the setbacks and the fencing.  Knight was thus on notice of her claims long before December 27, 2020.  And as a matter of law, Knight's updated notices of claim did not restart the clock for determining accrual.  *See Pinal County v. Fuller*, 245 Ariz. 337, 343 ¶ 21 (App. 2018) (finding an untimely notice of claim will not cure the defect of an earlier notice of claim).  Knight's breach of duty claim is thus time-barred.  A.R.S. § 12-821; *Cruz*, 243 Ariz. at 72 ¶ 8.

### b.     Knight's Fraud Claim Is Time-Barred.

**¶19**          Knight also alleges an MCDS employee defrauded the Mohave County Planning and Zoning Commission before it passed Resolution No. 98-348, permitting setbacks less than twenty feet and created Tract 4163.  Knight filed her first claim form alleging fraud by MCDS on December 29, 2020.  However, the allegations describe the employees' conduct in 1998.

**¶20**          Knight contends her fraud claim is not time-barred because she did not learn of the alleged fraud until September 2020 when MCDS provided her with copies of Resolution No. 98-348 and did not learn MCDS perpetrated the fraud until January 2021, when she obtained the meeting minutes for Resolution No. 98-348.  Relying on *Lawhon v. L.B.J. Institutional Supply, Inc.*, Knight argues she learned the "what" and "who" elements of causation for her fraud claim in January 2021.  159 Ariz. 179, 183 (App. 1988).

**¶21**          Given the posture of this matter, *Lawhon* does not aid Knight. It states, "[t]he cause of action does not accrue until the plaintiff knows or *should have known* both the what and who elements of causation."  *Id.* (emphasis added).  As MCDS points out, both Resolution No. 98-348 and its minutes are public information available on its website for years and by request for years before that.  Knight could have discovered Resolution No. 98-348 and its minutes by conducting a reasonable investigation after finding in 2018 that her property violated the CC&Rs on setbacks — years before she submitted her claim form in December 2020.  *See Stulce v. Salt*

*River Project Agr. Imp. & Power Dist.*, 197 Ariz. 87, 90-92 (App. 1999) (on Rule 12(b)(6) motion, finding discovery rule applies to A.R.S. §§ 12–821 and 12–821.01)*; Humphrey v. State*, 249 Ariz. 57, 66 ¶¶ 30-31 (App. 2020) (finding that a cause of action accrues despite a plaintiff's decision not to investigate the cause of their injury). Because Knight's cause of action accrued more than a year before the filing of this case and more than 180 days before Knight's December 2020 filing of her claim form, the superior court did not err in finding Knight's fraud claim against MCDS time-barred under A.R.S. § 12-821.01(A) and A.R.S. § 12-821.

### c. Knight's Request for an Injunction is Time-Barred.

**¶22** Knight alleges that she is entitled to an injunction preventing MCDS from issuing permits in Tract 4163 in violation of the CC&Rs. Knight alleges that issuing permits allowing setbacks of less than twenty feet in Tract 4163 will cause irreparable harm to her and other homeowners in Tract 4076-B. Because Knight's request for an injunction is wholly derivative of her complaints about permits that comprise her time-barred breach of duty claim, her request for an injunction is likewise time-barred under A.R.S. § 12-821.01(A) and A.R.S. § 12-821.

### 2. Knight's August 2020 Notice of Claim Did Not Comply with A.R.S. § 12-821.01(A).

**¶23** MCDS argues the superior court's decision dismissing Knight's claims under A.R.S. § 12-821.01 is also supported by the requirements for a notice of claim. "A claim shall contain facts sufficient to permit the public entity . . . to understand the basis on which liability is claimed . . . [and] shall also contain a specific amount for which the claim can be settled and the facts supporting that amount." A.R.S. § 12-821.01(A). MCDS contends Knight's August 2020 notice of claim failed to state a sum certain for settlement. Knight disagrees. We agree with MCDS and the superior court that Knight's August 2020 notice of claim did not provide a sum certain as required by A.R.S. § 12-821.01(A) because Knight uses qualifying language such as "until" and "yet to be determined" in the section for quantifying her settlement claim. *See Deer Valley Unified Sch. Dist. No. 97*, 214 Ariz. at 296 ¶¶ 8-11 (finding a notice of claim did not comply with A.R.S. § 12-821.01(A) where the claimant used qualifying language to describe the amount for settlement).

### B. MCDS Is a Non-Jural Entity That Cannot Be Sued, and the Superior Court Did Not Abuse Its Discretion By Denying Knight Leave to Amend.

**¶24** Knight concedes MCDS is a non-jural entity and thus, cannot be sued. *Braillard v. Maricopa County*, 224 Ariz. 481, 487 ¶ 12 (App. 2010) (explaining public entity may only be sued when statute codifies it); *see generally* A.R.S. §§ 41-1953, -1954 (failing to provide MCDS with the power to sue or be sued).

**¶25** Knight argues instead that she should have been allowed leave to amend to replace MCDS with a comparable but jural entity. Because the superior court correctly ruled that Knight's claims failed to comply with either the statute of limitations or the Notice of Claim statute, it would be futile to allow her leave to amend to assert those claims. *See First-Citizens Bank & Tr. Co. v. Morati*, 242 Ariz. 562, 567 ¶ 12 (App. 2017) ("A court does not abuse its discretion by denying a request to amend if the amendment would be futile."). The court did not abuse its discretion by denying her leave to amend. *See Swenson v. County of Pinal*, 243 Ariz. 122, 128 ¶ 21 (App. 2017) (requests for leave to amend a complaint are reviewed for abuse of discretion).

**¶26** Knight also contends the court erred because she could plead an A.R.S. § 12-1134 claim, which she contends is not time-barred under A.R.S. § 12-821.01(A). Knight's argument fails because any such claim arises from the same set of facts comprising her breach of duty and fraud claims because the taking she alleges under A.R.S. § 12-1134 relates to MCDS's decision to issue permits. The claim would thus be barred by A.R.S. § 12-821, making any such amendment futile. *See First-Citizens Bank & Tr. Co.*, 242 Ariz. at 567 ¶ 12.

### II. The Superior Court Did Not Err by Granting the Desert Lakes Defendants' Motion to Dismiss Because of the Mohave County Case Rule 19 Order.

**¶27** Knight argues the superior court erred in finding Knight's claims against the Desert Lake Defendants barred by the Rule 19 Order. The Desert Lake Defendants argue the superior court did not err in dismissing the case under Arizona Rule of Civil Procedure 41 because the Rule 19 Order bars Knight's claims. They are right.

**¶28** Arizona Rule of Civil Procedure 19 "aims to ensure the joinder of all interested parties in a single action [to] avoid a multiplicity of litigation." *Whitt v. Meza*, 257 Ariz. 149 ¶ 20 (App. 2024) (citing *Ariz. Title*

*Ins. & Tr. Co. v. Kelly*, 11 Ariz. App. 254, 255 (1970)). Arizona Rule of Civil Procedure 41(b) allows a defendant to move to dismiss an action if the plaintiff fails to comply with a court order. Ariz. R. Civ. P. 41(b).

**¶29**     Here, the Rule 19 Order expressly required Knight to join in the Mohave County Case all of the Desert Lakes Defendants: the owners of homes in Tracts 4076-B, -D, and 4163, who are thus subject to the CC&Rs, and also the developers and previous owners of those tracts. While the motion giving rise to the Rule 19 Order was pending, Knight instead filed this case. After the Rule 19 Order was entered, she never complied with it, and instead maintained this suit, to litigate the breach of contract claims already filed in the Mohave County Case, but without the joinder the Rule 19 Order requires.

**¶30**     Knight thus circumvented the Rule 19 Order. The superior court did not err by ruling that Knight's pursuit of the same claims in this case would thwart the purpose of Rule 19 and lead to endless preclusion claims. *See Bridgestone/Firestone N. Am. Tire, L.L.C. v. Naranjo*, 206 Ariz. 447, 453 ¶ 24 (App. 2003) ("Arizona's public policy has long favored the joining of all known and available tortfeasors as defendants in one action.") (collecting cases). Dismissing this case was thus proper under Rule 41(b).

**¶31**     Knight attempts to raise other arguments concerning claims not presented in the superior court and court orders in cases not before this court. Those matters are beyond the scope of this appeal – the grant of motions to dismiss this case – and we thus decline to reach them.

## CONCLUSION

**¶32**     For these reasons, we affirm. We grant the Desert Lakes Defendants their reasonable attorneys' fees and costs pursuant to A.R.S. §§ 12-341 and 12-341.01, subject to their compliance with ARCAP 21.

